EXHIBIT D

RECALLED
MAR 2 4 1966    JUN 6 - 1966

CHAPTER *989*

Print ~~1052~~
5414
Intro. 1607

# IN SENATE

February 1, 1966

————

Introduced by Mr. LAVERNE—read twice and ordered printed, and when printed to be committed to the Committee on Labor and Industry

## AN ACT

To amend the labor law and the penal law, in relation to payment of wages

Notes _____

Compared by _____

APPROVED
AUG 3 - 1966

Approved  NEW YORK STATE LIBRARY

MICROFILMED

Date  3/15/h
No. of printed bills ..........  2
No. of expo-ures  31
exclusive of bills ..........

# State of New York

## In Senate

*March 23,* 19 66

By Mr. LAVERNE ................................................. :

Resolved (if the Assembly concur) that a respectful message be sent to the Governor requesting the return to the Senate of the Senate bill (Pr. No. *1652*, Int. No. *1607*) entitled "

### IN SENATE

Print 1652            Intro. 1607

Mr. LAVERNE

An act to amend the labor law and the penal law, in relation to payment of wages

" for the purpose of amendment.

By order of the Senate,

*Albert J. Abrams*

Secretary.

## In Assembly

MAR 23 1966
............................................ 19 ........

Concurred in without amendments.

By order of the Assembly,

*John T. McKennan*

Clerk.

Form No. 31
1-9-63

# In Senate

MAY 3 - 1966 ........... 195....

Pursuant to concurrent resolution of the Senate and Assembly, the Governor returned the Senate bill (Pr. No. ....1652.., Int. No. ....1607..) entitled "

### An act to amend the labor law and the penal law, in relation to payment of wages

"

The vote upon the final passage of the same was reconsidered.

On motion of Mr. ....Laverne........................ and by unanimous consent, the same was amended as follows: "

AMENDMENT
Senate Intro. 1607, Print 1652, by Mr. Laverne — An Act to amend the labor law and the penal law, in relation to payment of wages
Amend bill as follows
Page 1, line 6  -  after "than" insert in italics:
                   a non-profitmaking organization or an employer
Page 1, line 6  -  delete "one"
Page 1, between lines 9 and 10 insert the following in italics:
                   Every non-profitmaking organization shall pay to each employee
his wages earned in accordance with the agreed terms of
employment, but not less frequently than semi-monthly.  As
used in this section, a non-profitmaking organization means
any corporation, unincorporated association, community chest,
fund or foundation organized and operated exclusively for
religious, charitable or educational purposes, no part of
the net earnings of which inures to the benefit of any
private shareholder or individual.
Page 2, line 9  -  change "joint-stock" to:  joint stock
Page 2, line 20 -  delete "wokman" and substitute therefor:  workman
Page 2, line 21 -  delete "proisions" and substitute therefor:  provision
Page 3, line 16 -  delete comma after "thereof"

Said bill as amended becoming Senate Reprint No. ....5414..........., was reprinted, re-engrossed and, having been on the desks of the members in its final form at least three calendar legislative days, was passed and ordered sent to the Assembly for concurrence.

By order of the Senate,

Albert J. Abrams

Secretary.

# State of New York

## In Senate

JUN 6 1966

...........................................19........

By Mr. **LAVERNE** ............................................................:

Resolved (if the Assembly concur) that a respectful message be sent to the Governor requesting

the return to the Senate of the Senate bill (Pr. No. _5414_ , Int. No. _1607_ ) en-

titled "

### IN SENATE

3d Rdg. 174          Print 1652, 5414          Intro. 1607

Mr. LAVERNE

An act to amend the labor law and the penal law, in relation to pay-
ment of wages

" for the purpose of amendment.

By order of the Senate,

_Albert J. Abrams_
Secretary.

## In Assembly

JUN 6 1966

...........................................19........

Concurred in without amendments.

By order of the Assembly,

_John T. McKennon_

Clerk.

4-5-30-1000 (EE-50)



# State of New York

## Executive Chamber

Albany JUN 6 - 1966

# To the Senate:

Pursuant to concurrent resolution of the Senate and Assembly, herewith is returned for amendment Senate Bill, Introductory Number 1607,

Printed Number 5414,

Entitled "An Act

```
to amend the labor law and the penal law, in relation to payment
of wages"
```

_John R. Dunphan_

Counsel to the Governor

# State of New York

## In Senate

JUL 1 - 1966    195......

By Mr. LAVERNE ..................................... :

Resolved (if the Assembly concur) that Senate bill (Pr. No. 5414, Int. No. 1607)

entitled "

### IN SENATE

3d Rdg. 174          Print 1652, 5114          Intro. 1607

Mr. LAVERNE

An act to amend the labor law and the penal law, in relation to payment of wages

" be returned to the Governor.

By order of the Senate,

*Albert J. Abrams*

Secretary.

## In Assembly

JUL 1 1966    195......

PRINT NO. *1 /652*　　　　INTRO. NO. *8160/*

*3/16/66*

Department & Agencies

- ✓ Lt. Governor
- ✓ Attorney General
- Budget
- ✓ Comptroller

- Ag. & Markets
- Banking
- Civil Service
- Commerce
- Conservation
- Correction
- Education
- Health
- Insurance
- Labor
- Mental Hygiene
- Motor Vehicles
- Public Service Comm.
- Public Works
- Social Welfare
- State
- Tax & Finance

- Atomic Energy
- Civil Defense
- General Services
- Housing
- Investigation
- Liquor Auth.
- Local Gov't
- Mil.& Naval Aff.
- Parole
- Regional  Development
- State Rent Comm.
- St. Comm. For Human Rights
- St. Police
- State Univ.
- Transportation
- Veterans Aff.
- Youth Div.

- Advisory Council on

- Joint Legis. Comm. on

- Temporary State Comm. on

Legal Groups

- Judicial Conf
- Law Revision Comm.
- ✓ Assoc. of the Bar, NYC
- N.Y. Co. Lawyers
- N.Y. State Bar
- Nassau County Bar
- N.Y. Crim. Cts. Assoc.
- D. A. Assoc.
- Magistrates Assoc.
- Co. Judges Assoc.
- Surrogates Assoc.

Municipal Officials & Groups

- ✓ Mayor of *NYC*

- Co. Bd. of Supervisors

- Town Supervisor of _____

- Co. Atty. of _____

- Conf. of Mayors
- County Officers' Assoc.
- Association of Towns

5/3/66

## Department & Agencies

- ___ Lt. Governor
- ___ Attorney General
- ___     bgt
- ___ Comptroller

---

- ___ Ag. & Markets
- ___ Banking
- ___ Civil Service
- ___ Commerce
- ___ Conservation
- ___ Correction
- ___ Education
- ___ Health
- ___ Insurance
- ___ Labor ✓
- ___ Mental Hygiene
- ___ Motor Vehicles
- ___ Public Service Comm.
- ___ Public Works
- ___ Social Welfare
- ___ State
- ___ Tax & Finance

---

- ___ Atomic Energy
- ___ Civil Defense
- ___ General Services
- ___ Housing
- ___ Investigation
- ___ Liquor Auth.
- ___ Local Gov't
- ___ Mil.& Naval Aff.
- ___ Parole
- ___ Regional Development
- ___ State Rent Comm.
- ___ St. Comm. For Human Rights
- ___ St. Police
- ___ State Univ.
- ___ Transportation
- ___ Veterans Aff.
- ___ Youth Div.

---

Advisory Council on _____

Joint Legis. Comm. on _____

Temporary State Comm. on _____

## Legal Groups

- ___ Judicial Conf
- ___ Law Revision Comm.
- ✓ Assoc. of _____, NYC
- ✓ N.Y. Co. Lawyers
- ___ N.Y. State Bar
- ___ Nassau County Bar
- ✓ N.Y. Crim. Cts. Assoc.
- ___ D. A. Assoc.
- ___ Magistrates Assoc.
- ___ Co. Judges Assoc.
- ___ Surrogates Assoc.

---

## Municipal Officials & Groups

- ___ Mayor of _____

- ___ Co. Bd. of Supervisors

- ___ Town Supervisor of _____

- ___ Co. Atty. of _____

- ___ Conf. of Mayors
- ___ County Officers' Assoc.
- ___ Association of Towns

AFL-CIO ✓
Ass. Indus.
Comm. & Indus.
Empire State C of C
Fed of Jewish Philanthropies
Amer Red Cross
Comm. Serv. Soc.
Catholic Charities
Jewish Occupational
Catholic Welfare Comm.



**THE SENATE**
**STATE OF NEW YORK**
**ALBANY**

S 1607

THOMAS LAVERNE
57TH DISTRICT
CHAIRMAN
COMMITTEE ON LABOR
AND INDUSTRY

March 17th, 1966

Hon. Robert R. Douglass
Executive Chamber
The Capitol

Re:  Senate Intro. 1607 - Print 1652

Dear Sir:

As requested, I am enclosing Memorandum in support
of the above legislation.

Your favorable consideration is respectfully
requested.

Sincerely,

Thomas Laverne.

TJ:acs
Encls.

**MEMORANDUM**

RE

AN ACT to amend the labor law and the
penal law, in relation to payment
of wages

**Purpose of bill:**

To extend wage payment protection to domestic workers and to employees of
non-profit organizations.

**Summary of provisions of bill:**

The bill amends subd. 2 of Section 196 of the Labor Law to delete the phrase
"carrying on a business by lease or otherwise." The same phrase is also
deleted from Sections 196-c and 198 of the Labor Law, and from Section 1272
of the Penal Law. Subdivision 2 of Section 196 requires the prompt payment
of wages to manual workers. Section 196-c applies to wage payments of
office workers. Section 198 provides a civil penalty, and Section 1272
of the Penal Law provides the penal penalty for failure to pay wages.

**Statements in support of bill:**

One of the major functions of the Labor Department is the assistance it pro-
vides to employees in collecting unpaid wages due them. In 1964, for example,
the Department collected nearly half a million dollars for over 7,000 workers.
There remain, however, two large groups of employees whose claims cannot be
processed by the Department under the law as it is presently written -- per-
sons employed as domestics, and employees in non-profitmaking institutions.

In connection with its administration of the Employment Agency Law, the
Department has noted the importance of extending coverage to domestic workers.
Such persons are generally in low-wage groups and are often ignorant of their
legal rights and the remedies available to them. The fact that the Depart-
ment receives approximately 2,000 inquiries a year from domestic workers
who have not received their wages, indicates the need to extend coverage
to them. It should be noted that legislation has already been enacted
in connection with coverage of domestic employees under the Workmen's Com-
pensation Law, Disability Benefits Law and Unemployment Insurance Law. This
bill would, therefore, constitute a logical extension of the State's con-
cern for these employees.

The bill is not designed to enable the Industrial Commissioner to invade
the privacy of private homes and inspect for wage violations. It is intended
only to permit the Industrial Commissioner to assist domestic workers when
they file complaints with the Department of Labor that they have not
received their wages.

The trend noted above in connection with domestic employees is even more
noticeable in the case of persons employed by non-profitmaking institutions.
In addition to coverage under the Workmen's Compensation Law, Disability
Benefits Law and Unemployment Insurance Law (subject to Federal approval),
such persons are already covered under the State Minimum Wage Act. There is
little, if any justification for a rule that permits a person to file a
claim if he is not paid the minimum wage, but withholds State assistance
from him if his earnings exceed that amount.



5/607

**THE SENATE**
**STATE OF NEW YORK**
**ALBANY**

THOMAS LAVERNE
57ᵀᴴ DISTRICT
CHAIRMAN
COMMITTEE ON LABOR
AND INDUSTRY

May 11th, 1966

Hon. Robert R. Douglass
Executive Chamber
The Capitol

Re:  Senate Intro. 1607, Print 5414

Dear Sir:

As requested, I am enclosing Memorandum in support
of the above legislation.

Your favorable consideration is respectfully
requested.

Sincerely,

Thomas Laverne.

TL:acs
Encls.

AN ACT to amend the labor law and the
penal law, in relation to payment
of wages

The People of the State of New York,
represented in Senate and Assembly,
do enact as follows:

Section 1.  Subdivision two of section one hundred ninety six of the labor law, as last amended by chapter six hundred fifty of the laws of nineteen hundred sixty-two, is hereby amended to read as follows:

2. Every [person carrying on a business b lease or otherwise,] underline{employer} other than underline{one} operating a steam surface railroad or engaged in the sleeping car business, shall pay weekly to each employee the wages earned to a day not more than seven days prior to the date of such payment.

§ 2.  Section one hundred ninety-six-c of such law, as added by chapter five hundred thirty-nine of the laws of nineteen hundred fifty-six, is hereby amended to read as follows:

§ 196-c.  Payment of wages and salaries of other persons employed. Every employer [carrying on a business by lease or otherwise] shall pay to each individual in his employ the wages and salary earned in accordance with the agreed terms of employment.

The term "employer" as used in this section shall include any person, co-partnership, corporation, or joint-stock association employing any individual in any occupation, industry, trade, business, or service.

The wages and salary described in this section shall be deemed to be wages of employees within the meaning of this article, except for the purposes of sections one hundred ninety-five, one hundred ninety-six and one hundred ninety-six-a.

This section shall not apply to any person employed in a bona fide executive, administrative, or professional capacity whose earnings are in excess of one hundred dollars a week.

Nothing in this section shall be construed to avoid the requirements for the payment of wages to a workman, laborer or mechanic in accordance with the provisions of section one hundred ninety-six, nor with the provisions of section one hundred ninety-six-a, or with the provisions of article nineteen of this chapter.

#12
1/4/66

DEPARTMENTAL
BILL 107

AN ACT to amend the labor law and the
penal law, in relation to payment
of wages

The People of the State of New York,
represented in Senate and Assembly,
do enact as follows:

Section 1.  Subdivision two of section one hundred ninety six of the
labor law, as last amended by chapter six hundred fifty of the laws of nineteen
hundred sixty-two, is hereby amended to read as follows:

2. Every [person carrying on a business b lease or otherwise,] employer
other than one operating a steam surface railroad or engaged in the sleeping car
business, shall pay weekly to each employee the wages earned to a day not more
than seven days prior to the date of such payment.

§ 2.  Section one hundred ninety-six-c of such law, as added by chapter
five hundred thirty-nine of the laws of nineteen hundred fifty-six, is hereby
amended to read as follows:

§ 196-c.  Payment of wages and salaries of other persons employed.
Every employer [carrying on a business by lease or otherwise] shall pay to each
individual in his employ the wages and salary earned in accordance with the agreed
terms of employment.

The term "employer" as used in this section shall include any person,
co-partnership, corporation, or joint-stock association employing any individual
in any occupation, industry, trade, business, or service.

The wages and salary described in this section shall be deemed to be
wages of employees within the meaning of this article, except for the purposes
of sections one hundred ninety- ive, one hundred ninety-six and one hundred
ninety-six-a.

This section shall not apply to any person employed in a bona fide
executive, administrative, or professional capacity whose earnings are in excess
of one hundred dollars a week.

Nothing in this section shall be construed to avoid the requirements for
the payment of wages to a workman, laborer or mechanic in accordance with the pro-
visions of section one hundred ninety-six, nor with the provisions of section
one hundred ninety-six-a, or with the provisions of article nineteen of this
chapter.

4



**STATE OF NEW YORK**

**DEPARTMENT OF LABOR**

STATE OFFICE BUILDING CAMPUS

**ALBANY, N.Y. 12226**

M. P. CATHERWOOD
INDUSTRIAL COMMISSIONER

July 11, 1966

Hon. Robert R. Douglass
Counsel to the Governor
Executive Chamber
State Capitol
Albany, New York

        RE:  S.I. 1607, Pr. 5414, by Mr. Laverne
             An Act to amend the labor law and the
             penal law, in relation to payment of
             wages

Dear Bob:

    I recommend approval of this bill.

    This bill was sponsored by the Labor Department.  It extends wage payment protection to domestic workers and to employees of nonprofit organizations.  The bill was repassed by both Houses on May 4th and on May 9, 1966 I sent you a memorandum recommending approval.  Subsequently on May 26th the bill was sent to the Governor.  On June 6th it was recalled from the Governor, and finally on July 5th it was again sent to the Governor.

    The extension of the wage payment law to domestic workers and employees of nonprofit organizations also is contained in Chapter 548 of the Laws of 1966.  However, the instant bill also inserts a conforming amendment in Section 1272 of the Penal Law which prescribes the penalty for failure to pay wages.  I, therefore, recommend approval of the above bill.

                       Sincerely,

                       M. P. Catherwood
                       Industrial Commissioner

OFFICE OF

# THE INDUSTRIAL COMMISSIONER

## ALBANY

DEPARTMENT OF LABOR

May 9, 1966

SENATE:              Int. 1607
                     Pr. 5414              Introduced by: Mr. Laverne

RECOMMENDATION:      Approval.  The bill was sponsored by the Department of Labor.

STATUTES INVOLVED:   Labor Law, Sections 196, 196-c and 198; Penal Law, Section 1272.

EFFECTIVE DATE:      October 1, 1966.

DISCUSSION:

1. Purpose of bill:

   To extend wage payment protection to domestic workers and to employees of non-profit organizations.

2. Summary of provisions of bill:

   The bill amends subd. 2 of Section 196 of the Labor Law to delete the phrase
   "carrying on a business by lease or otherwise", which phrase now exempts non-business
   enterprises from the impact of the wage payment law.  The same phrase is also deleted
   from Sections 196-c and 198 of the Labor Law, and from Section 1272 of the Penal Law.
   Subdivision 2 of Section 196 requires the prompt payment of wages to manual workers.
   Section 196-c applies to wage payments of office workers.  Section 198 provides a civil
   penalty, and Section 1272 of the Penal Law provides the penal penalty for failure to
   pay wages.

   Subdivision 2 of Section 196 is also amended to require non-profitmaking employers to
   pay  each of its manual workers in accordance with the agreed terms of employment.

3. Prior legislative history:

   None.

4. Known position of others regarding bill:

   The bill is approved by the State AFL-CIO.  The opposition of some non-profitmaking
   organizations to an earlier print of this bill has been overcome by the amendment of that
   print which is reflected in the last sentence of #2 above.

5. Budget implications:

   Although the enactment of this bill would increase the workload of the Division of
   Labor Standards, the extent of such increase is unknown at present.  Such increased
   workload would not reach its full impact during this fiscal year.  Based upon the
   number of complaints which the Department of Labor now rejects for lack of jurisdiction
   but which it could process if this bill is enacted, the services of six investigators
   may be required for this function.

Int. 1607
                 Pr. 5414                    Introduced by: Mr. Laverne

6. <u>Arguments in support of bill</u>:

One of the major functions of the Labor Department is the assistance it provides to employees in collecting unpaid wages due them. In 1964, for example, the Department collected nearly half a million dollars for over 7,000 workers. There remain, however, two large groups of employees whose claims cannot be processed by the Department under the law as it is presently written -- persons employed as domestics, and employees in nonprofitmaking institutions.

In connection with its administration of the Employment Agency Law, the Department has noted the importance of extending coverage to domestic workers. Such persons are generally in low-wage groups and are often ignorant of their legal rights and the remedies available to them. The fact that the Department receives a considerable number of inquiries a year from domestic workers who have not received their wages, indicates the need to extend coverage to them. It should be noted that legislation has already been enacted in connection with coverage of domestic employees under the Workmen's Compensation Law, Disability Benefits Law and Unemployment Insurance Law. This bill would, therefore, constitute a logical extension of the State's concern for these employees.

The bill is not designed to enable the Industrial Commissioner to invade the privacy of private homes and inspect for wage violations. It is intended only to permit the Industrial Commissioner to assist domestic workers when they file complaints with the Department of Labor that they have not received their wages.

The trend noted above in connection with domestic employees is even more noticeable in the case of persons employed by nonprofitmaking institutions. In addition to coverage under the Workmen's Compensation Law, Disability Benefits Law and Unemployment Insurance Law (subject to Federal approval), such persons are already covered under the State Minimum Wage Act. There is little, if any, justification for a rule that permits a person to file a claim if he is not paid the minimum wage, but withholds State assistance from him if his earnings exceed that amount.

7. <u>Arguments in opposition to bill</u>:

The bill may be opposed on the ground that it permits investigators of the Labor Department to enter private homes for the purpose of determining whether the law has been violated. Some nonprofit organizations may contend that there is no need for this bill.

8. <u>Reasons for recommendation</u>:

This bill represents an important advance in New York State standards for the protection of employees.

                                                    M. P. Catherwood
                                                    Industrial Commissioner

FORM B-201(a)  (9/81)

BUDGET REPORT ON BILLS

Session Year ___1966___

| | | |
|---|---|---|
| SENATE | Introduced by: | ASSEMBLY |
| Pr: 5414 | | Pr: |
| Int: 1607 | Mr. Laverne | Int: |

Law: Labor and Penal

**Subject and Purpose (Brief Recapitulation):** To extend wage payment protection to domestic workers and employees of nonprofit organizations, thereby permitting the Department of Labor to aid these workers in collecting unpaid wages.

Division of the Budget recommendation on the above bill:

Approve: __X__   Veto: _____   No Objection: _____   No Recommendation: _____

This bill is identical to ( ) very similar to ( X )

_____   Department of Labor   _____  No. ___12___ which
                        (department or agency)

was submitted as a departmental bill this year. The points made in our earlier analysis of the departmental bill are still valid and our recommendation is unchanged.

(If the very similar category is checked, list below the changes contained in the bill as passed and discuss them to the required extent.)

This bill would permit nonprofit organizations to pay wages twice a month; the departmental proposal would have required these wages to be paid weekly. This change does not seriously detract from the bill; and we recommend that the bill be enacted.

Date: __May 17, 1966__   Examiner: _____

JSL:fd                                                James S. Lawrence

THE ASSOCIATION OF THE BAR
OF THE CITY OF NEW YORK
42 WEST 44TH STREET
NEW YORK 10036

COMMITTEE ON STATE LEGISLATION

ALVIN H. SCHULMAN, CHAIRMAN
200 PARK AVENUE
NEW YORK 10017
TN 7-5900

LEONARD SCHAITMAN, SECRETARY
200 PARK AVENUE
NEW YORK 10017
TN 7-5800

March 25, 1966

Re:  <u>S. Int. 1607, Pr. 1652</u> - Approved

Dear Mr. Douglass:

Answering your inquiry with respect to the above bill,
we wish to inform you that we approve the measure.

The bill, to take effect October 1, 1966, and which was
prepared under the direction, and introduced at the request of,
the Department of Labor, would amend the following sections
of law relating to the period following the rendition of
services when wages must be paid to employees:  Labor Law
section 196, subdivision 2, section 196-c, section 198; Penal
Law section 1272.

The sole effect of the bill would be to substitute
for the phrase "person carrying on a business by lease or
otherwise," upon whom the law imposes the duty of prompt
wage payment, the more general but accurate designation
"employer," thus eliminating an awkward and unintended pos-
sible restriction inherent in the present statute.

We believe this corrective amendment to be desirable
and therefore approve the bill.

Sincerely,

Leonard Schaitman

Secretary

Hon. Robert R. Douglass
Executive Chamber
State Capitol
Albany, New York

This letter was prepared by the Association's Committee
on Labor and Social Security Legislation.

THE ASSOCIATION OF THE BAR
OF THE CITY OF NEW YORK
42 WEST 44TH STREET
NEW YORK 10036

S-1607

COMMITTEE ON STATE LEGISLATION

ALVIN H. SCHULMAN, CHAIRMAN
200 PARK AVENUE
NEW YORK 10017
TN 7-8600

LEONARD SCHAITMAN, SECRETARY
200 PARK AVENUE
NEW YORK 10017
TN 7-8800

May 17, 1966

Re:   S. Int. 1607, Pr. 1652, 5414 - Approved

Dear Mr. Douglass:

Answering your inquiry with respect to the above bill,
we wish to inform you that we approve the measure.

The bill, to take effect October 1, 1966, and which was
prepared under the direction, and introduced at the request,
of the New York State Department of Labor, would require non-
profitmaking organizations to pay employees wages not less
frequently than semi-monthly.  Up to this time, non-profitmaking
organizations were held not to be employers under laws requiring
timely payment of wages.  People v. Yoffe, 15 A.D. 2d 672
(2d Dept. 1962).

The bill would accomplish this purpose by striking the
qualification "carrying on a business by lease or otherwise"
in sections of the Labor Law (sections 196(2), 196-c, 198) and
Penal Law (section 1272) relating to employer payment of wages.
The new wage payment requirements for non-profitmaking organi-
zations are found in a proposed amendment to section 196(2) of
the Labor Law, which also defines the term "non-profitmaking
organization".

We believe that the bill is properly drafted to accomplish
its intended purpose, and approve the proposed change.

Sincerely,

Chairman

Hon. Robert R. Douglass
Executive Chamber
State Capitol
Albany, New York 12224

This letter was prepared by the Association's Committee
on Labor and Social Security Legislation.

Case 1:20-cv-03534-RPK-SJB   Document 16-6   Filed 11/23/20   Page 21 of 33 PageID #: 149

# NEW YORK LIBRARY ASSOCIATION

P.O. BOX 521 ⚌ WOODSIDE, NEW YORK 11377

LEGISLATIVE COMMITTEE

TEL. 672-9880

FOUNDED 1890

*S 1607*

March 23, 1966

Mr. Robert R. Douglas
Office of the Governor
Capitol
Albany, N.Y.

Dear Mr. Douglas:

At the suggestion of Mr. Hassi, I am writing in behalf of the
New York Library Association to voice our objection to SI 1607 SP 1652
(La Verne) now before the Governor for approval.

This bill would remove the phrase "every person carrying on a
business by lease or otherwise" from the Labor Law's current definition
of the word "employer", thus making it mandatory for all employers to
pay weekly the wages of employees whose whose work is predominantly
physical or mechanical in nature.  Since the amendment includes corp-
orations within the meaning of employers, this would affect pages, book-
mobile drivers, custodians, and messengers employed by over 700 libraries
in this State, because in 1961 Opinion Attorney General 105 (Informal),
it was stated: "A library chartered by the Board of Regents is not a
municipality nor a civil nor a political subdivision of the State.  It
is a corporation."  This would place an undue burden on such institutions,
increase their costs, require strengthening of cash reserves in many
instances with consequent loss of investment income, and compound book-
keeping operations.  The New York Public Library alone would be required
to change its method of payment of wages to at least 600 employees, and
many smaller operations which are presently exempted and which pay month-
ly wages would be seriously inconvenienced.



# NEW YORK LIBRARY ASSOCIATION

**P. O. BOX 521 ▪ WOODSIDE, NEW YORK 11377**

LEGISLATIVE COMMITTEE

**TEL. 672-9880**

**FOUNDED 1890**

Mr. Robert R. Douglas - page 2

    We also wonder whether this proposed amendment is not so broad in scope as to possibly include employees of hospitals, universities and colleges, and perhaps even governmental agencies.

    We respectfully urge that the Governor veto SI 1607 SP 1652 on the grounds that the proposed amendment is so broad in scope as to include organizations which, unlike private contractors, small business- es and those which employ day laborers or domestics, or migrant workers, have already and will continue to pay their employees on a regular basis.

Sincerely yours,

Joseph Eisner
Chairman

Please address replies to:

999 Old Country Road
Plainview, N.Y. 11803

THE NEW YORK BOTANICAL GARDEN
BRONX · NEW YORK 10158     LU 4-8500

April 12, 1966

S - 1607

Robert R. Douglass, Esq.
Counsel to the Governor
The State of New York
Executive Chambers
Albany, New York 12224

Dear Sir:

I am writing officially on behalf of The New York Botanical Garden
to express my objections to a proposed bill before the Senate of
the State Legislature (Print 1552; Intro. 1607) that would enforce
weekly payment of wages, the provisions of which would apply to
private non-profit organizations such as this one. The weekly
payrolls for virtually all of our people on the wage basis are
written by the City of New York on a bi-weekly basis, and I doubt
very much if we could induce the City to find a way out of this
conflict with its basic policy. Moreover, an interesting item
is that the union to which our wage-based people belong has ex-
pressed its preference for bi-weekly payments, both over weekly
or twice a month payments. Those of our wage-based employees
paid from private funds on a bi-weekly basis would gain very
little from being paid each week, and it would double our own
payroll costs.

Frankly, although I can see the advantage of weekly payrolls for
transient or short-term workers, I can see no benefit at all for
those who have security in their positions and have been quite
content for many years with the present situation, even with
articulate union spokesmen.

We respectfully request that you make every effort to have the
bill mentioned above modified so that it excludes private non-
profit organizations such as this one, since if we were required
to adhere to the provisions of the proposed bill, disadvantages
would far outweigh benefits.

Sincerely yours,

William C. Steere
Director

WCS/gd

13

CABLE · NYBOTGARD · NEWYORK

Case 1:20-cv-03534-RPK-SJB   Document 16-6   Filed 11/23/20   Page 24 of 33 PageID #: 152

GEORGE O. NODYNE, President
RICHARD K. PAYNTER, JR., Vice President
ROBERT C. TYSON, Vice President
J. HUBER WETENHALL, Vice President
DALE E. SHARP, Treasurer

RALPH C. GROSS
Executive Vice President
ARNOLD WITTE,
General Manager
and Secretary



# COMMERCE AND INDUSTRY ASSOCIATION OF NEW YORK
### INCORPORATED
99 CHURCH STREET  •  NEW YORK, N. Y. 10007

Cable Address COMINDASSN  •  Telephone Rector 2-5200

March 23, 1966

S 1607

Hon. Robert R. Douglass
Counsel to the Governor
Executive Chamber
State Capitol
Albany, New York  12224

Re:  S. Intro. 1607 - Print 1652
Laverne
NO POSITION

Dear Mr. Douglass:

The Commerce and Industry Association has no position with
respect to subject bill which would amend the labor law so as to
extend the obligation to pay wages and salaries at reasonable
intervals to all employers.

Cordially,

Arnold Witte
General Manager

AW:jc

↑ 4

━━━━━ BOARD OF DIRECTORS ━━━━━

HAROLD L. BACHE, Chairman of Board, Bache & Co., Inc.

EDGAR M. BRONFMAN, President,
Joseph E. Seagram & Sons, Inc.

GEORGE CHAMPION, Chairman of Board,
The Chase Manhattan Bank

ROBERT L. CLARKSON, Jr., President,
Smith, Kirkpatrick & Co., Inc.

GEORGE R. CLEARY, Cleary, Gottlieb, Steen & Hamilton

RICHARD C. DOANE, Chairman of Board,
Combustion Engineering, Inc.

H. G. EBDON, Chairman of Board,
Combustion Engineering, Inc.

CHARLES E. EBLE, Chairman of Board,
Consolidated Edison Company of New York, Inc.

GILBERT W. FITZHUGH, President,
Metropolitan Life Insurance Company

CARRARD W. GLENN, Lord, Day & Lord

HAROLD E. GRAY, President,
Pan American World Airways, Inc.

WILLARD G. HAMPTON, Executive Vice President,
New York Telephone Company

J. MARK HIEBERT, Chairman of Board,
Sterling Drug Inc.

JAMES F. HOGE, Rogers, Hoge & Hills

SAMUEL D. LEIDESDORF (Honorary)
S. D. Leidesdorf & Company

BARRY T. LEITHEAD, President,
Cluett, Peabody & Co., Inc.

JOSEPH A. MARTINO, Chairman of Board,
National Lead Company

GEORGE O. NODYNE, President, East River Savings Bank

HERMAN C. NOLEN, Chairman of Board,
McKesson & Robbins, Inc.

ROBERT G. PAGE, President, Phelps Dodge Corporation

RICHARD K. PAYNTER, Jr., Chairman of Board,
New York Life Insurance Company

A. E. PERLMAN, President, New York Central System

L. A. PETERSEN, Chairman of Board, Otis Elevator Company

DALE E. SHARP, Vice Chairman of Board,
Morgan Guaranty Trust Company of New York

SIDNEY L. SOLOMON, Chairman of Board,
Abraham & Straus

EDWARD STALEY, Vice Chairman of Board,
W. T. Grant Company

NORMAN TISHMAN, Chairman of Board,
Tishman Realty & Construction Co., Inc.

H. C. TURNER, Jr., Chairman of Board,
Turner Construction Company

ROBERT C. TYSON, Chairman, Finance Committee,
United States Steel Corporation

EDMUND F. WAGNER, Chairman of Board,
The Seamen's Bank for Savings in the City of New York

N. H. WENTWORTH, Vice Chairman of Board,
The Continental Insurance Companies

J. HUBER WETENHALL, Chairman of Board,
National Dairy Products Corporation

DAVID L. YUNICH, President, Macy's New York

BURTON A. ZORN, Proskauer Rose Goetz & Mendelsohn



# NEW YORK STATE AFL-CIO

## DE WITT CLINTON HOTEL  •  ALBANY, N. Y. 12201

PHONE HE 6-8516 (Area Code 518)

**RAYMOND R. CORBETT**
*President*

**LOUIS HOLLANDER**
*Secretary-Treasurer*

MARCH 18, 1966

HON. NELSON A. ROCKEFELLER
GOVERNOR                                RE: S.I. 1607, S.P. 1652
STATE OF NEW YORK                            S.I. 2484, S.P. 2566
THE CAPITOL
ALBANY, N.Y.

DEAR GOVERNOR ROCKEFELLER:          ATTN. HON. ROBERT R. DOUGLASS

    THE NEW YORK STATE AFL-CIO ENDORSES THE ABOVE BILLS AND
URGES THEIR BEING SIGNED INTO LAW.

    BOTH BILLS EXTEND WAGE PAYMENT PROTECTIONS TO PERSONS
NOT NOW COVERED BY THE LAW; S.I. 2484 TO WORKERS WHO EARN
BETWEEN $100 AND $200 A WEEK, AND S.I. 1607 TO DOMESTIC
WORKERS AND TO EMPLOYEES OF NON-PROFIT ORGANIZATIONS.

    IT MAKES LITTLE SENSE TO HAVE A WAGE PROTECTION LAW
AT ALL IF IT IS FILLED WITH LOOPHOLES AND EXCEPTIONS.
THERE IS NO REASON FOR ANY WORKER TO BE DENIED THE PROTEC-
TIONS AVAILABLE TO THE GREAT BULK OF OTHER WORKERS IN THE
STATE. BOTH BILLS ARE LONG OVERDUE AND SHOULD PROMPTLY
BECOME LAW.

                        SINCERELY,

                        *Ray Corbett*

                        RAYMOND R. CORBETT
                        PRESIDENT

OPEIU-58



# NEW YORK STATE AFL-CIO

DE WITT CLINTON HOTEL   •   ALBANY, N. Y. 12201

PHONE HE 6-8516 (Area Code 518)

**RAYMOND R. CORBETT**
*President*

**LOUIS HOLLANDER**
*Secretary-Treasurer*

MAY 12, 1966

RE: S.I. 1607, S.P. 5414

HON. NELSON A. ROCKEFELLER
GOVERNOR
STATE OF NEW YORK
EXECUTIVE CHAMBER
THE CAPITOL
ALBANY, N.Y.

DEAR GOVERNOR ROCKEFELLER:    ATTN: ROBERT R. DOUGLASS

THE NEW YORK STATE AFL-CIO REITERATES ITS ENDORSE-
MENT OF THE ABOVE BILL AND URGES ITS BEING SIGNED INTO
LAW. WE WROTE YOU ON MARCH 18 ENDORSING AN EARLIER
PRINT OF THIS BILL.

THE BILL EXTENDS WAGE PAYMENT PROTECTIONS TO
DOMESTIC WORKERS AND TO EMPLOYEES OF NON-PROFIT ORGANI-
ZATIONS. IT MAKES LITTLE SENSE TO HAVE A WAGE PROTEC-
TION LAW AT ALL IF IT IS FILLED WITH LOOPHOLES AND
EXCEPTIONS. THERE IS NO REASON FOR ANY WORKER TO BE
DENIED THE PROTECTIONS AVAILABLE TO THE GREAT BULK OF
OTHER WORKERS IN THE STATE. THE BILL IS LONG OVERDUE
AND SHOULD PROMPTLY BECOME LAW.

SINCERELY,

RAYMOND R. CORBETT
PRESIDENT

OPEIU-58

# NEW YORK STATE CATHOLIC WELFARE COMMITTEE

Office of the Secretary　　●　　100 State Street　　●　　Albany, New York  12207

May 9, 1966

Hon. Robert R. Douglass
Counsel to the Governor
Executive Chambers, State Capitol
Albany, New York 12224

Re:　Sen. Int. 1607 (Pr. 5414) Laverne
<u>Relating to payment of wages</u>

Dear Mr. Douglass:

The above-numbered bill, recommended to the
Legislature by the State Department of Labor, is now
pending before the Governor for executive considera-
tion.  This bill was previously before the Governor
and it was returned to the Legislature for reconsi-
deration with respect to its effect upon non-profit
organizations.

Upon its return to the Legislature, we had
the opportunity of conferring with the State Depart-
ment of Labor and with the legislative leadership
with respect to the formulation of the modifications
of this bill.  We are pleased that modification has
been made in the proposal which will make the bill
less onerous upon the programs of religious, chari-
table and educational organizations.

This bill reflects a growing trend in regu-
latory legislation which fails to take into account
the specific problems and the special characteris-
tics of programs and organizations operated under
religious, charitable and educational auspices.
There is a growing tendency in our law to treat every-
one alike.  In doing so, the special protections and
encouragements, which are afforded to programs of such
organizations which are for the benefit of the general
welfare, are being set aside.

While we do not object to the bill, we do
call into question this whole trend because we see
in it a failure to acknowledge the special character-
istics and the special problems which eleemosynary
organizations face.

Respectfully submitted,

Charles J. Tobin, Jr.
Secretary

# NEW YORK STATE CATHOLIC WELFARE COMMITTEE

Office of the Secretary   •   100 State Street   •   Albany, New York  12207

May 24, 1966

Hon. Robert R. Douglass
Counsel to the Governor
Executive Chambers, State Capitol
Albany, New York 12224

            Re:  Sen. Int. 1607 (Pr. 5414) Laverne
                 Relating to payment of wages

Dear Mr. Douglass:

        The above-numbered bill is now pending before
the Governor for executive action, and you have asked
us for our comments and recommendation with respect
to it.

        We previously objected to an earlier print of
this bill and, as a result, certain modifications were
made in the bill to conform to the suggestions which
we made.

        In the light of these revisions, we do not
have any further objection to make to the bill.

        With kind personal regards

                    Sincerely yours,

                    Charles J. Tobin, Jr.
                          Secretary

4 3



OFFICE OF THE
LEGISLATIVE REPRESENTATIVE

TEN EYCK HOTEL, ROOM 599
ALBANY, NEW YORK

CITY OF NEW YORK
OFFICE OF THE MAYOR
NEW YORK, N. Y. 10007

March 21, 1966

# M E M O R A N D U M

TO:       HON. ROBERT R. DOUGLASS, Counsel to the Governor

FROM:     RICHARD M. ROSEN, Assistant to the Mayor

RE:       S-Laverne    I. 1607   Pr. 1652

          AN ACT To amend the labor law and the penal law, in
             relation to payment of wages

          This will acknowledge receipt of the Governor's request
for the Mayor's recommendations concerning the above bill,
which is before the Governor for executive action.

          The bill would not have any substantial effect on the
property, affairs, government or administration of the City.

          Accordingly, the Mayor does not deem it advisable to make
any specific recommendation concerning the bill.

                                        Richard M. Rosen

                              Richard M. Rosen
                              Assistant to the Mayor

13b

STATE OF NEW YORK
DEPARTMENT OF AUDIT AND CONTROL
ALBANY

ARTHUR LEVITT
STATE COMPTROLLER

March 21, 1966

IN REPLYING REFER TO

REPORT TO THE GOVERNOR ON LEGISLATION

TO:   The Honorable Robert R. Douglass, Counsel to the Governor

The following bills are of "No Interest" to this Department:

| SENATE | INT. | PR. |
|--------|------|-----|
|  | 175 | 175 |
|  | 1100 | 1112 |
|  | 1411 | 1436 |
|  | 1266 | 1287 |
|  | 1427 | 1452 |
|  | 1527 | 1555 |
|  | 1607 | 1652 |
|  | 1701 | 1750 |
|  | 1727 | 1776 |
|  | 2088 | 2149 |
|  | 2090 | 2151 |
|  | 2091 | 2152 |
|  | 2227 | 2296 |
|  | 2229 | 2298 |
|  | 2484 | 2566 |
|  | 2780 | 2873 |
|  | 4011 | 4168 |

ARTHUR LEVITT
State  Comptroller

By

Alfred W. Haight
First Deputy Comptroller

DD:bf



**STATE OF NEW YORK**
## DEPARTMENT OF AUDIT AND CONTROL
**ALBANY**

ARTHUR LEVITT
STATE COMPTROLLER

May 9, 1966

IN REPLYING REFER TO

REPORT TO THE GOVERNOR ON LEGISLATION

TO:  The Honorable Robert R. Douglass, Counsel to the Governor

The following bills are of "No Interest" to this Department:

| ASSEMBLY | INT. | PR. |
|----------|------|-----|
|          | 755  | 5682 |
|          | 1550 | 6780 |
|          | 2200 | 6547 |
|          | 2872 | 6393 |
|          | 5228 | 5390 |
|          | 5868 | 6744 |
|          | 5935 | 7033 |
| SENATE   | 227  | 227-A |
|          | 888  | 897 |
|          | 1098 | 2361 |
|          | 1607 | 5414 |
|          | 2156 | 2217 |
|          | 2265 | 4337 |
|          | 2838 | 6910 |
|          | 2857 | 2950 |

ARTHUR LEVITT
State  Comptroller

By *[signature]*

Alfred W. Haight
First Deputy Comptroller

DD:bf

TO COUNSEL TO THE GOVERNOR

        RE:  ASSEMBLY INT.          , PR.

          SENATE INT.  1607     , PR. 1652

      This annexed bill does not appear to involve a substantial or unusual legal problem, nor to relate directly to the functions of the Department of Law. Consequently, the bill is returned without comment. If there is some particular aspect of the bill upon which you wish to comment, please advise me.

Dated:  March 21, 1966

                       LOUIS J. LEFKOWITZ
                       Attorney General

TO COUNSEL TO THE GOVERNOR

      RE:  ASSEMBLY INT.      , PR.

      SENATE INT.  **1607**   , PR. **5414**

    This annexed bill does not appear to involve a substantial or unusual legal problem, nor to relate directly to the functions of the Department of Law. Consequently, the bill is returned without comment. If there is some particular aspect of the bill upon which you wish to comment, please advise me.

Dated:  May 11, 1966

               LOUIS J. LEFKOWITZ
               Attorney General