**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **AISHAYA CAUL, individually and on behalf of all others similarly situated,**<br><br>           **Plaintiff,**<br><br>      -against-<br><br>**PETCO ANIMAL SUPPLIES, INC., and PETCO ANIMAL SUPPLIES STORES, INC.,**<br><br>                **Defendants.** | **No.: 20 Civ. 3534 (RPK)(SJB)** |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street
New York, New York 10005
Telephone: (212) 300-0375

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. iii

PRELIMINARY STATEMENT ........................................................................................ 1

LEGAL STANDARD ...................................................................................................... 2

ARGUMENT ................................................................................................................... 2

    I.    NYLL § 191 PROVIDES FOR A PRIVATE RIGHT OF ACTION ............................. 2

        A.   The First Department's Ruling in Vega Controls This Action .................................. 4

        B.   Defendants' Untimely Payments Constitute Underpayments .................................... 7

            i.   A Violation of NYLL § 191 Constitutes an Underpayment .................................... 7

           ii.   NYLL § 198 Provides a Private Right to Recover Underpayments ......................... 8

          iii.   Payment is an Affirmative Defense ...................................................................... 10

        C.   The Weight of Federal Authority Supports A Private Right of Action ................. 11

    II.    PLAINTIFF HAS STANDING TO BRING CLAIMS PURSUANT TO NYLL § 191 ................................................................................................................. 14

        A.   Liquidated Damages Under the NYLL Are Compensatory ................................... 15

        B.   Spokeo Does Not Apply to This Action ............................................................... 16

    III.   DEFENDANTS' WAGE STATEMENTS VIOLATE NYLL § 195(3) .................. 17

CONCLUSION ............................................................................................................... 18

## **TABLE OF AUTHORITIES**

CASES

*AHA Sales, Inc. v. Creative Bath Prods., Inc.*,
58 A.D.3d 6 (2nd Dept. 2008) ......................................................................... 6

*Angello v. Labor Ready, Inc.*,
7 N.Y. 3d 579 (2006) ...................................................................................... 9

*Arciello v. County of Nassau*,
No. 16 Civ. 3974, 2019 WL 4575145 (E.D.N.Y. Sept. 20, 2019)................. 14

*Belizaire v. RAV Investigative and Sec. Servs., Ltd.*,
61 F. Supp. 3d, 336 (S.D.N.Y. 2014)............................................................ 12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)......................................................................................... 2

*Bynog v. Cipriani Grp., Inc.,*
1 N.Y.3d 193 (2003) ....................................................................................... 8

*Campos v. Aegis Realty Management Corp.*,
No. 19 Civ. 2856 (KPF), 2020 WL 433356 (S.D.N.Y. Jan. 28, 2020).......... 2

*Chan v. Big Geyser, Inc.*,
No. 17-cv-6473, 2018 WL 4168967 (S.D.N.Y. Aug. 30, 2018)..................... 8

*Chuchuca v. Creative Customs Cabinets Inc.*,
No. 13-CV-2506 (RLM), 2014 WL 6674583 (E.D.N.Y. Nov. 25, 2014) ..... 16

*Coley v. Vanguard*,
No. 12 Civ. 5565 (PKC)(RER), 2018 WL 1513628 (E.D.N.Y. Mar. 29, 2018) ......................... 12

*Copper v. Cavalry Staffing, LLC*,
132 F. Supp. 3d 460 (E.D.N.Y. 2015) .......................................................... 18

*Cuzco v. Orion Builders*, *Inc*.,
No. 06 Civ. 2789 (KMW)(THK), 2010 WL 2143662 (S.D.N.Y. May 26, 2010).................. 6, 12

*DiBella v. Hopkins,*
 403 F.3d 102 (2d Cir. 2005)................................................................................. 4

*Duverny v. Hercules Medical P.C.,*
No. 18 Civ. 7652 (DLC), 2020 WL 1033048 (S.D.N.Y. Mar. 3, 2020)...................................... 11

*Garcia v. Pasquaret*o,
812 N.Y.S.2d 216 (N.Y. App. Term 2004)................................................................... 9

*Gardner v. D&D Electrical Const. Comp., Inc.*,
No. 160249/2018, 2019 N.Y. Slip Op. 32389(U) (N.Y. Sup. Ct. Aug. 7, 2019)......................... 13

*Gottlieb v. Kenneth D. Laub & Co.,*
82 N.Y.2d 457 (1993) .................................................................................. passim

*Hernan v. RSR Security Services, Ltd.*,
172 F. 3d 132 (2d Cir. 1999).............................................................................. 15

*Hicks v. T.L. Cannon Management Corp.*,
No 13 Civ. 06455 (EAW), 2018 WL 2440732 (W.D.N.Y. Mar. 13, 2018) .......................... 16, 18

*Hill v. St. Clare's Hosp.*,
67 N.Y.2d 72 (1986) .................................................................................... 3, 10

*Hobart v. Mendelson*,
121 N.Y.S. 3d 509 (N.Y. App. Term 2020)................................................................. 9

*Hunter v. Planned Bldg. Servs., Inc.,*
No. 715053/0217, 2018 N.Y. Slip Op. 31541 (N.Y. Sup. Ct. 2018)............................................ 13

*Hussain v. Pakistan Int'l Airlines*,
No. 11 Civ. 932 (ERK)(VVP), 2012 WL 5289541 (E.D.N.Y. Oct. 23, 2012)............................ 13

*IKEA, U.S., Inc. v. Indus. Bd. of App.*,
241 A.D. 2d 454 (2d Dept. 1997) ....................................................................... 5, 6

*Imbarrato v. Banta Mgmt. Servs., Inc.*,
No. 18-CV-5422 (NSR), 2020 WL 1330744 (S.D.N.Y. Mar. 20, 2020)............................... 17, 18

*Kone v. Joy Construction Corporation,*
No. 15 Civ. 1328 (LTS), 2016 WL 866348 (S.D.N.Y. Mar. 3, 2016)...........................................8

*Konkur v. Utica Academy of Sci. Charter School,*
181 A.D.3d 1271 (4th Dep't 2020)...........................................8

*Kruty v. Max Finkelstein,*
No. 616616-2017 (Suffolk Cnty. Ct. Dec. 12, 2019)..................................3, 5

*Lopez-Serrano v. Rockmore,*
132 F. Supp. 3d 390 (E.D.N.Y. 2015) .......................................11

*Manginaro v. Nassau Cty. Med. Ctr.,*
123 A.D.2d 842 (NY 1st Dept. 1986).......................................3, 10

*McLean v. Garage Mgm't Corp.,*
No. 10. Civ. 3950, 2012 WL 1358739 (S.D.N.Y. 2012) ............................15

*Overnight Motor Transp. Co. v. Missel,*
316 U.S. 572 (1942)...........................................15

*Pachter v. Bernard Hodes Grp., Inc.*
10 N.Y.3d 609 (2008) ...........................................8

*Penn v. New York Methodist Hosp.,*
No. 11 Civ. 9137 (NSR), 2013 WL 5477600 (Sept. 30, 2013) ....................................2

*People v. Bloom,*
167 N.Y.S.3d 179 (City Ct. 1957) .......................................10

*People v. Vetri,*
309 N.Y. 401 (1955) ...........................................4, 7, 10

*Phillips v. Max Finkelstein,*
115 N.Y.S.3d 866 (Suffolk Cnty. Ct. Dec. 12, 2019)................................3, 5

*Quintanilla v. Kabco Pharmaceuticals,*
No. 19 Civ. 6752 (E.D.N.Y. Jun 30, 2020).......................................6, 11, 12

*Rana v. Islam*,
887 F. 3d 118 (2d Cir. 2018)..................................................................................... 15, 16

*Rojas v Hi-Tech Metals, Inc.*,
No. 702847/2019, 2019 WL 4570161 (N.Y. Sup. Ct. Sept. 11, 2019)......................................... 11

*Sarit v. Westside Tomato, Inc.*,
No. 18 Civ. 11524 (RA), 2020 WL 1891983 (S.D.N.Y. Apr. 16, 2020)..................................... 11

*Scott v. Whole Foods Market Group, Inc.*,
No. 18 Civ. 86 (SJF)(AKT), 2019 WL 1559424 (S.D.N.Y. Apr. 9, 2019) ....................... 8, 10, 11

*Scott v. Whole Foods Market Group, Inc.*,
No. 18 Civ. 86 (SJF)(AKT), ECF Doc. No. 58, (E.D.N.Y. Feb. 5, 2020)........................... 3, 4, 11

*Sierra Club v. Con-Strux LLC*,
911 F.3d 85 (2d Cir. 2018)................................................................................................. 2

*Sorto v. Diversified Maint. Sys.*,
No. 20 Civ. 1302 (JS)(SIL), ECF Doc. No. 24 (E.D.N.Y. Nov. 15, 2020) ........................ 3, 6, 11

*Spokeo v. Robins*,
136 S. Ct. 1540 (2016)................................................................................................. 16, 17

*Strubel v. Comenity Bank*,
842 F.3d 181 (2d Cir. 2016)............................................................................................ 17

*Truelove v. Northeast Capital & Advisory*,
95 N.Y.2d 220 (2000) ...................................................................................................... 9

*Trustees of Upstate New York Engineers Pension Fund v. Ivy Asset Management*,
843 F.3d 561 (2d Cir. 2016)............................................................................................. 2

*Vega v. CM & Assoc. Constr. Mgmt., LLC*,
175 A.D. 1144 (1st Dept. 2019)............................................................................... passim

*Wang Kwong Ho v. Target Construction of NY Corp.*,
No. 08 Civ. 4750 (KAM)(RER), 2011 WL 1131510 (E.D.N.Y. Mar. 28, 2011)....................... 12

*West v. Am. Tel. & Tel. Co.,*
311 U.S. 223 (1940) ................................................................................................ 4

<u>STATUTES</u>

2009 Sess. Law News of N.Y. Ch. 372 (A. 6963). ........................................................ 5

NY CPLR § 308 ...................................................................................................... 10

NYLL § 191(1)(a) .............................................................................................. passim

NYLL § 195(3) ........................................................................................... 1, 17, 18

NYLL § 198 ....................................................................................................... passim

<u>OTHER AUTHORITIES</u>

Bill Jacket, 2009 A.B. 6963, ch. 372 .................................................................. 16

Mem. of Indus. Commr., June 3, 1966, Bill Jacket, L. 1966, ch. 548 .......................... 9

Merriam-Webster's Collegiate Dictionary 1364 [11th ed 2012] .................................... 8

## PRELIMINARY STATEMENT

Plaintiff's complaint alleges that Petco Animal Supplies, Inc. and Petco Animal Supplies Stores, Inc. ("Petco" or "Defendants") unlawfully paid Plaintiff and similarly situated guest experience specialists, sales associates, dog trainers, and other similar manual workers ("Manual Workers") on an untimely basis and failed to provide them with accurate wage statements according to New York Labor Law ("NYLL") §§ 191(1)(a), 195(3). *See* ECF No. 1 ("Compl.") ¶¶ 1, 4-6, 35-50. Now, Defendants move to dismiss Plaintiff's claims by arguing that there is no private right of action under NYLL § 191(1)(a), and that their wage statements do not violate NYLL § 195(3). *See* ECF No. 16-1.

Defendants' argument that NYLL § 191 does not provide for a private right of action misses the mark entirely. Defendants continuously and tirelessly argue that their untimely wage payments do not constitute underpayments. However, it is clear that Defendants' illegal pay practices have resulted in Plaintiffs being undercompensated. As articulated by New York's First Department, in *Vega v. CM & Assoc. Const. Mgt., LLC.* there is a private right of action for Plaintiff to recover damages under NYLL § 191 and 198. Furthermore, the weight of federal authority overwhelmingly supports that NYLL § 191 provides for a private right of action. Finally, Defendants' wage statements do not comply with the requirements of NYLL § 195(3) as they lead to the exact type of confusion that the legislature intended to combat when they drafted NYLL § 195.

As clearly set-out below, Defendants' arguments fail and Plaintiff respectfully requests that the Court deny Defendants' motion in its entirety.

1

**LEGAL STANDARD**

When evaluating a defendant's motion to dismiss under Rule 12(b)(6), a court must accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Sierra Club v. Con-Strux LLC*, 911 F.3d 85, 88 (2d Cir. 2018) (citing *Trustees of Upstate New York Engineers Pension Fund v. Ivy Asset Management*, 843 F.3d 561, 566 (2d Cir. 2016)). To survive a 12(b)(6) motion, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Campos v. Aegis Realty Management Corp.*, No. 19 Civ. 2856 (KPF), 2020 WL 433356, at *3 (S.D.N.Y. Jan. 28, 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**ARGUMENT**

**I.   NYLL § 191 PROVIDES FOR A PRIVATE RIGHT OF ACTION**

NYLL § 191(1)(a) mandates that manual workers be paid within seven days of the week in which they complete their work. Here, Plaintiff alleges that she is a manual worker who was paid on an untimely basis due to Defendants' biweekly pay scheme. *See* Compl. ¶¶ 4-5, 36-43; *see also* ECF No. 1-1 (paystub showing that Plaintiff was paid on February 15, 2019 for her workweek that ended February 3, 2019). Defendants' contention is that NYLL § 191 does not afford Plaintiff a private right of action. However, this argument ignores the intent of NYLL Article 6 and the weight of authority which supports Plaintiff's right to bring this action, including the First Department's ruling in *Vega v. CM & Assoc. Constr. Mgmt., LLC*. *See* 175 A.D.3d 1144 (1st Dept. 2019) (finding that a private right of action exists under NYLL § 191).

Defendants assert that the First and Second Departments are split on whether a private right exists. However, this argument relies on a false characterization of the Second Department's holding in *IKEA U.S., Inc. v. Indus. Bd. of Appeals*, which Defendants have gleaned from the

2

identical Suffolk County Court decisions of *Kruty v. Max Finkelstein* and *Phillips v. Max Finkelstein* (together "*Max Finkelstein*"), which were decided by the same court on the same day, and besides the names of the plaintiffs, read exactly the same word for word. *See* No. 616616-2017 (Suffolk Cnty. Ct. Dec. 12, 2019); 115 N.Y.S.3d 866 (Suffolk Cnty. Ct. Dec. 12, 2019). As further examined below, the reasoning of *Max Finkelstein*, is clearly erroneous. Instead, *Vega* is truly the only intermediate appellate court decision on this issue, and should guide the Court's ruling on this matter. *See Scott v. Whole Foods Market Group, Inc.*, No. 18 Civ. 86 (SJF)(AKT), ECF Doc. No 58, (E.D.N.Y. Feb. 5, 2020) (finding that *Vega* is the "*lone decision* from an intermediate court" regarding whether there is a private right of action under NYLL § 191) (emphasis added) (decision attached as **Exhibit** ("**Ex.**") **A**).

Moreover, Defendants rely on a repeated argument that no underpayments occurred due to their failure to abide by NYLL § 191(1)(a). However, this argument misses the mark entirely, as Defendants ignore that payment of wages in a dispute under NYLL Article 6 is an affirmative defense. *Manginaro v. Nassau Cty. Med. Ctr.*, 123 A.D.2d 842 (NY 1st Dept. 1986) ('The Court of Appeals has recently stated that "'release' and 'payment' are affirmative defenses required by CPLR 3018(b)'"); *see also Hill v. St. Clare's Hosp.*, 67 N.Y.2d 72, 83– 84 (1986). As discussed *infra*, Defendants failure to pay timely wages clearly constitute underpayments for which Plaintiff is entitled to recover liquidated damages. *See e,g, Sorto v. Diversified Maint. Sys.*, No. 20 Civ. 1302 (JS)(SIL), ECF Doc. No. 24 (E.D.N.Y. Nov. 15, 2020) (Locke, Mag. J.) ("The moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required") (quoting *Vega*, 175 A.D. 3d at 1145) (report and recommendation attached as **Ex. B**). Defendants' arguments to the contrary ignore the legislative intent of NYLL Article 6.

In stark contrast to Defendants' misplaced arguments, courts in this circuit that have considered *Vega* have uniformly held that a private right of action exists under NYLL § 191. In fact, the most recent written decision on this issue from this District is *Scott*, which explicitly endorsed *Vega*. *See Scott*, No. 18 Civ. 86 (SJF)(AKT), ECF Doc. No 58. Furthermore, rulings before the *Vega* decision routinely found that NYLL § 191 afforded a private right of action for plaintiffs. Defendants contentions to the contrary are in error. As such, the Court should follow its sister courts and hold that NYLL § 191 provides Plaintiff a private right of action.

### A.  The First Department's Ruling in Vega Controls This Action

Whether or not NYLL § 191 contains a private right of action is purely a question of state law. Where there is no case law from the Court of Appeals on an issue of state law, federal courts follow the rulings of the state appellate courts. *See DiBella v. Hopkins,* 403 F.3d 102, 112 (2d Cir. 2005) ("rulings from [state intermediate appellate courts] are a basis for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise") (quoting *West v. Am. Tel. & Tel. Co.,* 311 U.S. 223, 237 (1940)).

The only applicable appellate court ruling is *Vega*, where the First Department held that an untimely payment of wages constitutes an *underpayment* of wages, which affords Plaintiff a private right of action under NYLL § 198. 175 A.D. 3d at 1145. Furthermore, the *Vega* court explained that even if there was no right of action under NYLL § 198, § 191 provides a private right of action: "allowing [plaintiff] to bring suit would promote the legislative purpose of § 191, which is to protect workers who are generally 'dependent upon their wages for sustenance." *Id.* at 1146 (quoting *People v. Vetri,* 309 N.Y. 401, 405 (1955)).

4

Defendants attempt to counter *Vega* by citing the *Max Finkelstein* decisions, arguing that there is a split in the New York appellate courts because *Max Finkelstein* interpreted the Second Department's *IKEA's* decision to stand for the proposition that there is no private right of action for a violation of NYLL § 191(1)(a). *See* No. 616616-2017 (Suffolk Cnty. Ct. Dec. 12, 2019); 115 N.Y.S.3d 866 (Suffolk Cnty. Ct. Dec. 12, 2019). This is a blatant misrepresentation of the holding in *IKEA*. In *IKEA*, the Second Department found that the employer "violated Labor Law § 191(1)(a) by failing to pay weekly wages to manual workers." *See* 241 A.D. 2d 454 (2d Dept. 1997). The opinion lacks any argument or finding as to the damages associated with a violation of § 191(1)(a). *See id.*

Despite this, the *Max Finkelstein* decisions centered on the incorrect proposition that: (1) NYLL § 198(1-a) requires the Commissioner of Labor to recover the full underpayment of wages in instituting an action on behalf of an employee; and (2) the Commissioner's failure to do so in *IKEA* means that violations of NYLL § 191 do not constitute underpayments for which damages are recoverable. *See* 115 N.Y.S. 3d at 869. However, this conclusion is fatally flawed as it relies upon the *current* drafting of NYLL § 198, which was not the effective version of NYLL § 198 when *IKEA* was decided. *See id*. The language the *Max Finkelstein* court relied on was added to NYLL § 198 on November 24, 2009, more than twelve years after *IKEA* was decided. *See* Strengthening Wage and Hour Protections for Working People, 2009 Sess. Law News of N.Y. Ch. 372 (A. 6963). Since *Max Finkelstein* relied on the current version of 198 and not the version of 198 that was in effect when *IKEA* was decided, *Max Finkelstein's* reasoning was fatally flawed and should be disregarded by this Court.

Moreover, the *IKEA* court did not weigh the question of damages. The only issue on appeal was whether the employer had violated NYLL § 191 by paying their manual workers bi-weekly.

5

Contrary to *IKEA*, the court in *Vega* directly addressed the issue determining that, "[NYLL] § 198 explicitly provides that individuals may bring suit against an employer for violations of the labor laws, even if the Commissioner chooses not to." *Vega*, 175 A.D. 3d at 1147 (citing *AHA Sales, Inc. v. Creative Bath Prods., Inc.*, 58 A.D.3d 6, 15 (2d Dept. 2008)).

In fact, at least two courts within the Second Circuit have recently rejected this analysis of the *IKEA* matter. *See Quintanilla v. Kabco Pharmaceuticals*, No. 19 Civ. 6752 (E.D.N.Y. Jun 30, 2020) (oral argument transcript attached as **Ex. C**) ("*IKEA* didn't address [a private right of action], and I think it's quite difficult to read into *IKEA* any ruling at all on this precise issue, whether there is a private right of action under [NYLL] 191"); *Sorto*, No. 20 Civ. 1302 (JS)(SIL), ECF Doc. No. 24, pg. 3 ("*IKEA* addressed whether there was substantial evidence to support a determination by the Commission of Labor under section 191 – it did not address whether a private right of action exists…this Court disagrees with the [*Max Finkelstein*] court's reading of *IKEA*, and on this basis declines to follow those decisions").

Moreover, another court in this Circuit has cited *IKEA* as a basis for plaintiffs to recover damages under NYLL § 191(1)(a). *See Cuzco v. Orion Builders*, *Inc*., No. 06 Civ. 2789 (KMW)(THK), 2010 WL 2143662, at *4 (S.D.N.Y. May 26, 2010) (citing 241 A.D. 2d 454 (2d Dept. 1997)). In *Cuzco,* the court granted the plaintiffs' motion for summary judgement on their NYLL § 191 claims as defendants did not pay manual workers weekly. Clearly, *Cuzco* interpreted the *IKEA* case to support a manual worker's right to recover under NYLL §191(1)(a). If there was no private right of action under NYLL § 191, then Judge Wood would not have had the authority to grant summary judgment and provide relief for such violation.

It is clear that *Vega* is the only Appellate Division case which directly addresses the issue at bar. As set out below, Defendants cannot cite any authority which would persuade this Court that the Court of Appeals would find differently than the First Department in *Vega*.

**B.  Defendants' Untimely Payments Constitute Underpayments**

The Court should not be persuaded by Defendants' mistaken framing of legislative intent, as Defendants have ignored that their illegal pay policies have caused underpayment of wages. As such, Defendants' construction of the legislative intent surrounding NYLL § 191 misses the mark.

i.  A Violation of NYLL § 191 Constitutes an Underpayment

First, it is clear that NYLL § 191 "generally regulates payment of wages by employers and creates reciprocal rights of employees" *See Gottlieb v. Kenneth D. Laub & Co.,* 82 N.Y.2d 457, 461 (1993). In fact, Defendants' own exhibits are evidence that NYLL §191 was written to assist workers that "have not received their wages." This not Plaintiff's analysis alone, but it is supported by the Court of Appeals. *See Vetri*, 309 N.Y. at 405 ("the requirement that an employer pay his employees weekly was first imposed in 1890…[t]he purpose of the law was to assure prompt payment of daily wages"). Accordingly, one conclusion cannot be avoided; NYLL § 191 was written to ensure that workers receive their pay on the timely basis as defined by the legislature. The instant matter is a perfect example of where an underpayment occurred due to a violation of NYLL § 191(1)(a). Plaintiff here alleges she was a manual worker as contemplated by the statute, and that Defendants owed her lawfully earned pay within seven days of the week in which she completed her work. *See* Compl. ¶¶ 38-41. Accordingly, Plaintiff was owed her wages for the week beginning January 27, 2019 and ending February 2, 2019 on February 9, 2019. *See* Compl. ¶¶ 40-41. However, February 9, 2019 passed without Plaintiff receiving any of her wage. *See id.* Accordingly, as of February 10, 2019 Plaintiff had been paid "less than what is required." *See*

*Vega*, 175 A.D. 3d at 1145 (citing Merriam-Webster's Collegiate Dictionary 1364 [11th ed 2012]). Defendants may protest that they eventually paid Plaintiff, but this ignores their violation of NYLL § 191. As discussed *infra*, Defendants' argument regarding payment is now an affirmative defense.

ii.   NYLL § 198 Provides a Private Right to Recover Underpayments

Defendants ignore that their untimely payments constitute underpayments in an attempt to steer legislative intent in their favor. However, Defendants cite to cases that do not address the payment of wages in interpreting Article 6. For example, Defendants cite *Kone v. Joy Construction Corporation* which found that NYLL 195(5) requirements to post or notify employees of leave policies did not confer a private right of action for plaintiffs. *See* No. 15 Civ. 1328 (LTS), 2016 WL 866348, at *5 (S.D.N.Y. Mar. 3, 2016). Clearly, this is not an issue that relates the payment of wages. On the other hand, achieving wage payment enforcement is the "sole purpose of [NYLL § 198]." *See Gottlieb* 82 N.Y. 2d at 463. For this reason, Defendants' cites to *Konkur v. Utica Academy of Sci. Charter School* and *Chan v. Big Geyser, Inc.*, are also inapplicable, because these rulings also do not address the payment of wages. *See* 181 A.D.3d 1271, 1272-73 (4th Dep't 2020); No. 17-cv-6473, 2018 WL 4168967, at *7-10 (S.D.N.Y. Aug. 30, 2018).

Defendants further point to Court of Appeals cases that do not concern or address the NYLL to argue that other statues do not confer private rights of action. In doing so, Defendants again ignore that the "sole purpose of [NYLL § 198]" is to "assist the enforcement of the wage payment [laws]" of the NYLL. *See Gottleib*, 82 N.Y. 2d at 463; *see also See Scott v. Whole Foods Market Group, Inc.*, No. 18 Civ. 86 (SJF)(AKT), 2019 WL 1559424, at *2 (S.D.N.Y. Apr. 9, 2019) (citing *Pachter v. Bernard Hodes Grp., Inc.* 10 N.Y.3d 609, 891 (2008); *Bynog v. Cipriani Grp., Inc.*, 1 N.Y.3d 193 (2003)) (finding that the Court of Appeals had addressed the facts of NYLL § 191 claims, suggesting that the Court of Appeals implicitly recognized a private right of action).

It is further unquestionable that the purpose of Article 6 of the NYLL is to "strengthen and clarify the rights of employees to the payment of wages." *See Angello v. Labor Ready, Inc.*, 7 N.Y. 3d 579, 584 (2006) (citing *Truelove v. Northeast Capital & Advisory,* 95 N.Y.2d 220 (2000); Mem. of Indus. Commr., June 3, 1966, Bill Jacket, L. 1966, ch. 548); *see also Hobart v. Mendelson*, 121 N.Y.S. 3d 509 (N.Y. App. Term 2020) (finding that manual workers are required to be paid weekly and that "'[t]he public policy of the State of New York ... is that the interest in enforcing wages and hours laws on behalf of all workers is paramount'") (quoting *Garcia v. Pasquaret*o, 812 N.Y.S.2d 216, 217 (N.Y. App. Term 2004)).

In this regard, the provisions of NYLL Article 6 "compare favorably with those of any other state in the nation, [n]ot only are the rights and obligations of employees and employers presented in a clear fashion, but the extension of the provisions for *the prompt payment of wages*, and the requirement for wage statements to be given to employees and for record-keeping provide increased wage protection to employees of the State." *See Gottleib*, 82 N.Y. 2d at 461 (quoting Mem of Indus Commr, June 3, 1966, Bill Jacket, L 1966, ch 548) (emphasis added). Furthermore, the legislative intent behind article 6 was to provide a "statutory remedy of an award of attorney's fees to a prevailing employee, as well as the liquidated damages remedy" for claims that are founded "on the substantive provisions of [NYLL] [A]rticle 6. *See id.*; *see also Truelove*, 95 N.Y. 2d at 223 ("Article 6 of the Labor Law sets forth a comprehensive set of statutory provisions enacted to strengthen and clarify the rights of employees to the payment of wages[,] [a]n employer who violates the requirements of [NYLL] [A]rticle 6 is subject to civil liability").

In creating NYLL § 191(1)(a), New York's legislature identified manual workers as employees that are "dependent upon their wages for sustenance." *Vega* 175 A.D. 3d at 1146 (quoting *People v. Vetri,* 309 N.Y. 401, 405 (1955)), *see also People v. Bloom*, 167 N.Y.S.3d 179

(City Ct. 1957) ("the purpose of [NYLL § 191] [is] to protect the manual worker who was dependent upon the 'wages' he received weekly for this existence"). It would therefore contravene the clear intentions of the legislature for the Court to find that no private right of action exists, as it would leave Plaintiff with no recourse for the damages caused by Defendants' flagrant violation of the NYLL. *See Scott*, 2019 WL 155942, at *4 ("permitting an employer to flout the requirements of § 191 with impunity, so long as it eventually pays its employee the wages owed, is inconsistent with the stated purposes of the NYLL").

iii.   Payment is an Affirmative Defense

Moreover, it is clear that a violation of NYLL § 191 is actionable based on NY CPLR § 308 which mandates that payment of wages in a dispute under NYLL Article 6 is an affirmative defense. *Manginaro v. Nassau Cty. Med. Ctr.*, 123 A.D.2d 842 (NY 1st Dept. 1986) ('The Court of Appeals has recently stated that "'release' and 'payment' are affirmative defenses required by CPLR 3018(b)"'); *see also Hill v. St. Clare's Hosp.*, 67 N.Y.2d 72, 83– 84 (1986).

To find that there is a private right of action under NYLL § 191, the Court need only ask the question of whether a private right of action/cause of action existed the day after the NYLL § 191(1)(a)(i) deadline for payment of the wages. The answer is clearly yes, as on that date Defendants failed to provide Plaintiff with the wages she was owed under the statute, which constitutes an *underpayment*. *See Vega* 175 A.D. 3d at 1145. Defendants may state that they eventually compensated Plaintiff for the hours she worked, but this is only a partial defense. This is because at the time they paid Plaintiff, she was not only entitled to the underlying wages, she was also entitled to liquidated damages, interest, and even injunctive relief for the violations which occurred when her wages were not paid by their due date. These remedies are set forth in NYLL § 198, and they could not be clearer.

### C.  The Weight of Federal Authority Supports A Private Right of Action

Following *Vega*, courts in the Second Circuit have ruled that a private right of action does in fact exist for NYLL § 191 claims. *See, e.g. Sorto,* No. 20 Civ. 1302, ECF Doc. No. 24; *Quintanilla*, No. 19 Civ. 6752; *Sarit v. Westside Tomato, Inc.*, No. 18 Civ. 11524 (RA), 2020 WL 1891983, at *4 (S.D.N.Y. Apr. 16, 2020) (denying defendants' motion to dismiss NYLL § 191 claims); *Duverny v. Hercules Medical P.C.*, No. 18 Civ. 7652 (DLC), 2020 WL 1033048, at *6 (S.D.N.Y. Mar. 3, 2020) (denying defendant's motion for summary judgement as to plaintiff's NYLL § 191 claims); *Scott v. Whole Foods Market Group, Inc.*, No. 18 Civ. 86 (SJF)(AKT), ECF Doc. No. 58, (E.D.N.Y. Feb. 5, 2020) (affirming the courts' prior ruling to deny defendant's motion to dismiss § 191 claims, and describing *Vega* as the "lone decision from an intermediate court [that] is factually analogous"); *see also Rojas v Hi-Tech Metals, Inc.*, No. 702847/2019, 2019 WL 4570161, at *3 (N.Y. Sup. Ct. Sept. 11, 2019) (denying defendant's motion to dismiss NYLL § 191 claims, and reasoning that affording a private right of action is consistent with the holding of the Court of Appeals in *Gottlieb v. Kenneth D. Laub & Company, Inc.*) (citing 82 N.Y. 2d 457 (1993)).

Furthermore, even before *Vega*, multiple courts in this circuit have found that a private right of action exists under NYLL § 191(1)(a). *See e.g. Scott* 2019 WL 1559424, at *3-4  (denying defendant's motion to dismiss § 191 claims); *Lopez-Serrano v. Rockmore*, 132 F. Supp. 3d 390, 404 (E.D.N.Y. 2015) (denying defendant's motion to dismiss NYLL § 191 claims); *Gonzales*, 2014 WL 1011070 at *9; *Wang Kwong Ho v. Target Construction of NY Corp.*, No. 08 Civ. 4750 (KAM)(RER), 2011 WL 1131510, at *14 (E.D.N.Y. Mar. 28, 2011) (awarding damages under NYLL § 191); *Cuzco*, 2010 WL 2143662, at *4 (granting plaintiffs' motion for summary judgment on their NYLL § 191 claims).

11

Other than the *Max Finkelstein* cases, Defendants primarily rely on cases that were decided prior to *Vega*. The language in some of these cases is conflicting, demonstrating the lack of guidance from state courts on the issue. *See e.g. Belizaire v. RAV Investigative and Sec. Servs., Ltd.*, 61 F. Supp. 3d, 336, 360 n. 22 (S.D.N.Y. 2014) (awarding FLSA damages for untimely wage payments but noting, "[t]he NYLL *does not appear* to provide a similar remedy") (emphasis added); *Coley v. Vanguard*, No. 12 Civ. 5565 (PKC)(RER), 2018 WL 1513628, at *13 (E.D.N.Y. Mar. 29, 2018) (finding that NYLL § 198 "*seems*" to not provide relief for late payment of wages") (emphasis added). As these courts suffered from a lack of definitive direction, they cannot be held to definitely contravene *Vega*, which directly stated that untimely wage payments are underpayments for which a plaintiff can recover. *See Vega*, 175 A.D. 3d at 1145.

The *Coley* matter is a perfect example of the issue with relying on these pre-*Vega* decisions. In *Coley*, Judge Chen cautiously found that the NYLL did not "*seem"* to provide for a late payment of wages remedy. *See* 2018 WL 1513628, at *13. However, Judge Chen recently "revisited" the *Coley* ruling in *Quintanilla*:

> "I, as well as the state courts, are bound to follow appellate court decisions unless I'm convinced -- or unless there is substantial evidence or reason to believe that the Court of Appeals would find otherwise…I think, the relevant question, which is what would the New York Court of Appeals decide on this issue. And in it, Judge Feuerstein, I think very helpfully, discusses two Court of Appeals' decisions in which 191 actions were the subject of the case, though not the precise issue, about a private right of action, but she notes -- and I think it's relevant here -- the Court of Appeals, while ruling on the other issue presented in those cases, did not suggest in any way that the private actions brought under 191 were improper in any way and did not decide that those actions should not have been pursued or allowed to be pursued, I should say, and were not viable, and she found that to be some indication to support the view that there is a private right of action under 191. So, I think that's actually quite helpful in terms of predicting, as I must, how the Court of Appeals might rule, even though, as I said before, she issued her decision -- Judge Feuerstein -- issued her decision even before the *Vega*

decision, but made the -- or found very clearly that there is a private right of action. So for all those reasons, basically, **because *Coley* was rendered at a time when I didn't have the benefit of either *Vega* or *Scott*, I am not following my prior decision**; I am not dismissing the 191 action." *See* **Ex. C**, pgs. 18-19 (emphasis added).

Defendants further rely on pre-*Vega* cases which incorrectly find that no private right of action exists under NYLL § 191. For example, in *Hussain v. Pakistan Int'l Airlines*, the court equated a failure to pay timely wages with an internal recordkeeping violation. No. 11 Civ. 932 (ERK)(VVP), 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2012). However, this clearly ignores the legislative intent of NYLL § 191(1)(a) whereby hourly manual workers must be paid within seven days of the end of their workweek. Failure to comply with the statute results in direct harm to a manual worker. *See Vega*, 175 A.D. 3d at 1145. Similarly, both *Gardner v. D&D Electrical Const. Comp., Inc.* and *Hunter v. Planned Bldg. Servs., Inc.* cite *Hussain* to find that late payments do not afford a private right of action. No. 160249/2018, 2019 N.Y. Slip Op. 32389(U) (N.Y. Sup. Ct. Aug. 7, 2019); No. 715053/0217, 2018 N.Y. Slip Op. 31541 (N.Y. Sup. Ct. 2018).

Each of these cases argue that untimely wage payments do not constitute an underpayment of wages by comparing the requirements of NYLL § 191 to statutes requiring employers to provide lunch breaks and keep accurate internal records. *Id.* As explained above, the key difference between these statutes and NYLL § 191 is that a failure to provide lunch breaks or keep internal records are not issues that are directly related to the payment of wages. On the other hand, NYLL § 191 lays out direct requirements to pay timely wages, meaning that a delay in payment of wages constitutes an *underpayment* under New York law. *See Vega,* 175 A.D. 3d at 1145 (stating "the moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required"). These cases, which rely on statutes which do not relate to the payment of wages, should not be granted deference by the Court.

13

The one and only post-*Vega* case from this Circuit that Defendants can point to in support of their assertion that there is no private right of action is *Arciello v. County of Nassau*, which does not address untimely payments made under NYLL § 191(1)(a), but instead discusses untimely overtime wages. No. 16 Civ. 3974, 2019 WL 4575145, at *8 (E.D.N.Y. Sept. 20, 2019). Furthermore, while the *Arciello* decision was published ten days after *Vega*, the last brief filed on the motion to dismiss was filed before the *Vega* decision, and no supplemental authority was provided to the Court. *See* No. 16 Civ. 03974 (JMA)(SIL) (E.D.N.Y.) (ECF Nos. 227, 235). Thus, it appears that the *Arciello* court was unaware of *Vega* when rendering its decision. This lack of guidance is evidenced in the *Aricello* court's language, which only found NYLL § 191 "*may*" not contain a private right of action, and further explained there was no mandatory authority to glean an answer from. 2019 WL 4575145, at *8. (emphasis added). However, it is clear now that untimely wage payments are to be considered underpayments for which a plaintiff can recover liquidated damages. *See Vega*, 175 A.D. 3d at 1145.

Consequently, Defendants have offered this Court very little with which to contravene the First Department's decision in *Vega*, and the overall weight of authority supports Plaintiff's position that there is a private right of action under NYLL § 191(1)(a). Therefore, the Court should find that a private right of action exists under this statute.

## II.  PLAINTIFF HAS STANDING TO BRING CLAIMS PURSUANT TO NYLL § 191

Defendants argue that the existence of a private right of action under NYLL § 191(1)(a) which provide for liquidated damages would raise constitutional concerns. This argument is clearly misplaced, as Defendants miss two key marks; liquidated damages under the NYLL are compensatory and were conferred to Plaintiff by New York's legislature to protect her concrete individual interests.

14

## A.  Liquidated Damages Under the NYLL Are Compensatory

Defendants' first point, that liquidated damages under the NYLL are punitive, is in clear error. It is well settled that since NYLL § 198 was amended on November 25, 2009, the liquidated damages provisions under this statute are identical to the FLSA. *See Rana v. Islam*, 887 F. 3d 118, 123 (2d Cir. 2018) (finding that "it is clear that the New York State legislature rewrote its liquidated damages provision to cover the same ground as the FLSA" and that "there are no meaningful differences" between the FLSA's and NYLL's liquidated damages provisions).[1] It is further settled that the FLSA's liquidated damages are compensatory and not punitive. *See Hernan v. RSR Security Services, Ltd.*, 172 F. 3d 132, 142 (2d Cir. 1999) (citing *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 583 (1942)).

Defendants offer only one case from after the 2009 amendment to support their assertion: *McLean v. Garage Mgm't Corp.* The court in *McLean* awarded plaintiffs liquidated damages under both the FLSA and NYLL, first remarking that liquidated damages under the FLA "are not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages." *See* No. 10. Civ. 3950, 2012 WL 1358739, at *5 (S.D.N.Y. 2012) (quoting *Hernan*, 172 F. 3d at 142). The *Mclean* court then awarded both FLSA and NYLL damages, remarking that they served "fundamentally different purposes." *See id.* at *10.

Unfortunatley for Defendants this "fundamentally different purposes" argument has been specifically disavowed by the Second Circuit. *See Rana*, 887 F. 3d at 123 ("it is clear that the New York State legislature rewrote its liquidated damages provision to cover the same ground as the FLSA"); *see also* Bill Jacket, 2009 A.B. 6963, ch. 372, at 6 (expressing the bill sponsor's intent to "conform New York law to the Fair Labor Standards Act"). In *Rana*, the Second Circuit denied

---

[1] The Second Circuit also differentiated between liquidated damages under the NYLL and punitive damages awarded by the district court. *See Rana*, 887 F. 3d at 119, n. 1.

the recovery of "stacked" liquidated damages under the NYLL and FLSA, and explained that both

the liquidated damages provisions of the NYLL are "designed 'to deter wage-and-hour violations

in a manner calculated to *compensate* the party harmed.'" *see id.* (quoting *Chuchuca v. Creative

Customs Cabinets Inc.*, No. 13-CV-2506 (RLM), 2014 WL 6674583, at *16 (E.D.N.Y. Nov. 25,

2014) (emphasis added). Accordingly, it is clear that liquidated damages under the NYLL are

compensatory following the 2009 amendment. Defendants' assertion to the contrary is in error.

### B. *Spokeo* Does Not Apply to This Action

Defendants tortured argument regarding liquidated damages turns to *Spokeo, Inc. v.

Robins*, to argue that the violation of NYLL § 191 is a "bare procedural violation" that cannot

confer a right of action. *See* 136 S. Ct. 1540 (2016). This argument stems from a misunderstanding

of the Supreme Court's *Spokeo* decision.

In *Spokeo* the Supreme Court found that a "bare procedural violation" of the Fair Credit

Reporting Act was insufficient to confer standing, because "[a] violation of one of the FCRA's

procedural requirements may result in no harm." *Hicks v. T.L. Cannon Management Corp.*, No 13

Civ. 06455 (EAW), 2018 WL 2440732, at *5 (W.D.N.Y. Mar. 13, 2018) (citing *Spokeo v. Robins*,

136 S. Ct. 1540, 1550 (2016)). However, "*Spokeo* does not stand for the proposition that a statutory

violation, standing alone, can never constitute a concrete injury. In fact, the [Supreme] Court

explicitly stated in the *Spokeo* decision that 'the violation of a procedural right granted by statute

can be sufficient in some circumstances to constitute injury in fact. In other words, a plaintiff in

such a case need not allege any additional harm beyond the one [the legislature] has identified.'"

*Hicks*, 2018 WL 2440732, at *5; *see also Strubel v. Comenity Bank*, 842 F.3d 181, 189 (2d Cir.

2016) ("[w]e do not understand *Spokeo* categorically to have precluded violations of statutorily

mandated procedures from qualifying as concrete injuries supporting standing…some violations

of statutorily mandated procedures may entail the concrete injury necessary for standing") (citing *Spokeo*, 136 S. Ct. at 1550); *Imbarrato v. Banta Mgmt. Servs., Inc.*, No. 18-CV-5422 (NSR), 2020 WL 1330744, at *7 (S.D.N.Y. Mar. 20, 2020) (denying defendants' *Spokeo* argument to dismiss NYLL claims where the legislature had "conferred the procedural right in order to protect an individual's concrete interests").

Defendants, whose business generates billions of dollars in revenue each year, may not see the harm in delaying payments to their manual workers, but that does not save them from liability. The purpose of NYLL § 191(1)(a) "is to protect workers who are generally 'dependent upon their wages for sustenance.'" *Vega*, 175 A.D. 3d at 1146 (quoting *Vetri,* 309 N.Y. at 405). Simply put, the legislature identified manual workers as a class of employees that rely on their weekly payment of wages and suffer injury when they are denied such. The fact of the matter is that Plaintiff has suffered an injury as defined by the legislature, and is owed compensatory damages to make her whole.

Furthermore, as discussed *supra*, Defendants insistence that there were no underpayments misses the mark. The exact nature of the dispute at hand is that Plaintiff was underpaid, because Defendants' untimely payment of wages constitute underpayments of those wages. *See Vega,* 175 A.D. 3d at 1146. Accordingly, Plaintiff clearly possesses Article III standing on her NYLL § 191(1)(a) claim.

## III. DEFENDANTS' WAGE STATEMENTS VIOLATE NYLL § 195(3)

Last, Defendants move to dismiss Plaintiff's claims under NYLL § 195(3), arguing that Plaintiff has not identified why the wage statements Defendants proffered are incorrect.

NYLL § 195(3) requires that, with every payment of wages, employees be furnished with a statement containing "the dates of work covered by that payment of wages…the number of

regular hours workers, and the number of overtime hours worked" *See* NYLL § 195(3). Furthermore, the requirements of NYLL § 195(3) were put in by the legislature to "protect the rights of employees such as [p]laintiffs, and their procedural provisions are specifically designed to guard against the concrete harm that workers are subject to when they are mis- or uninformed regarding their rights." *See Hicks*, 2018 WL 2440732, at *5 (declining to dismiss plaintiff's 195(3) claims). Furthermore, the New York Legislature "passed the WTPA to address studies showing that a large number of employees were not being paid the wages owed to them." *See Imbarrato* 2020 WL 1330744, at *8. It is clear that for wage statements to conform to NYLL 195(3), they must accurately inform an employee of their rights. *See Copper v. Cavalry Staffing, LLC*, 132 F. Supp. 3d 460, 469 (E.D.N.Y. 2015) (holding that the purpose of the Wage Theft Prevention Act was to keep employees properly appraised of their rights, and paystubs that reflect an incorrect wage do not satisfy NYLL § 195(3)).

As discussed *supra*, Plaintiff was underpaid due to untimely wage payments. Furthermore, Defendants did not provide Plaintiff with wage statements which reflected her entitlement to weekly wages, as these statements did not show the number of hours worked per week. *See* ECF No. 1-1. If Defendants were to comply with NYLL § 195(3), they would have to issue their manual workers weekly wage statements. Defendants' failure to do so leads Plaintiff and her similarly situated manual workers to being misinformed about their right to timely payment of wages. As Defendants failed to issue wages statements on a weekly basis, they have violated NYLL § 195(3), and the Court should not dismiss this claim. *See* ECF No. 1-1.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be denied in its entirety.

Dated:  New York, New York
         December 23, 2020

                                                   Respectfully submitted,

                                                   /s/ Brian S. Schaffer
                                                   Brian S. Schaffer

                                                 **FITAPELLI & SCHAFFER, LLP**
                                                   Brian S. Schaffer
                                                   Hunter G Benharris
                                                   28 Liberty Street
                                                   New York, New York 10005
                                                   Telephone: (212) 300-0375

                                                   *Attorneys for the Plaintiff and*
                                                   *putative class*