UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AISHAYA CAUL, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　　　　-v-<br><br>PETCO ANIMAL SUPPLIES, INC. and PETCO ANIMAL SUPPLIES STORES, INC.,<br><br>　　　　　　　Defendants. | Case No. 1:20-cv-03534-RPK-SJB |

**DEFENDANTS' REPLY MEMORANDUM OF
LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

Craig R. Benson
Paul R. Piccigallo
Kevin K. Yam
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022-3298
cbenson@littler.com
ppiccigallo@littler.com
kyam@littler.com
(212) 583-9600

## Table of Contents

                                                                           **Page**

I. PRELIMINARY STATEMENT ................................................................................................ 1

II. THE COURT SHOULD NOT FIND THAT A PRIVATE RIGHT OF ACTION EXISTS UNDER SECTION 191 IN THE ABSENCE OF ALLEGATIONS OF ACTUAL UNPAID WAGES .................................................................................................... 1

    A. The Statutory Text Does Not Support Recognizing A Private Right Of Action To Recover Liquidated Damages, Costs, and Attorney's Fees Under Section 191(1)(a) In The Absence of Any Unpaid Wages .......................... 2

    B. Recognizing A Private Right Of Action Under Section 191(1)(a) To Pursue Late-But-Full Wage Payments Raises Serious Constitutional Concerns ................................................................................................................... 7

III. CASE LAW IS CLEAR: A SECTION 195(3) WAGE STATEMENT CLAIM CANNOT BE BASED SOLELY ON ALLEGATIONS OF UNTIMELY PAYMENT ................................................................................................................................ 9

IV. CONCLUSION ........................................................................................................................... 10

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Chain v. Big Geyers, Inc.*,
  No. 17-cv-6473, 2018 WL 4168967 (S.D.N.Y. Aug. 30, 2018)..................................................5

*Cuzco v. Orion Builders, Inc.*,
  No. 06-cv-2789, 2010 WL 2143662 (S.D.N.Y. 2010) ..............................................................4

*Duverny v. Hercules Medical, P.C.*,
  No. 18-cv-7652, 2020 WL 1033048 (S.D.N.Y. Mar. 3, 2020)...................................................3

*Gardner v. D&D Elec. Constr. Co.*,
  No. 160249/2018, 2019 WL 3765345 (New York Sup. Ct. Aug. 9, 2019)...................3, 4, 7, 9

*Gonzales v. Gan Israel Pre-School*,
  No. 12-cv-6304, 2014 WL 1011070 (E.D.N.Y. Mar. 14, 2014)................................................3

*Gottlieb v. Kenneth D. Laub & Co.*;
  82 N.Y.2d 457, 463 (1993). ......................................................................................................5

*Herman v. RSR Security Services, Ltd.*,
  172 F.3d .....................................................................................................................................7

*Hunter v. Planned Building Services, Inc.*,
  No. 715053/2017, 2018 WL 3392476 (Queens Sup. Ct. June 20, 2018) .........................4, 7, 9

*Hussain v. Pakistan Int'l Airlines Corp.*,
  No. 11-cv-932, 2012 WL 5289541 (E.D.N.Y. Oct. 23, 2012) .........................................2, 3, 4

*IKEA U.S., Inc. v. Indus. Bd. of Appeals*,
  241 A.D.3d 1271, 121 N.Y.S.3d 759 (2d Dep't 1997).............................................................4

*Joseph v. Nyack Hosp.*,
  — N.Y.S.3d —, 2020 WL 6930824 (2d Dep't Nov. 25, 2020)................................................5

*Konkur v. Utica Academy of Sci. Charter School*,
  181 A.D.3d 1271, 1272, 121 N.Y.S.3d 759, 760 (4th Dep't 2020)..........................................5

*Kruty v. Max Finkelstein, Inc.*,
  65 Misc.3d 1236, 119 N.Y.S.3d 831, 2019 WL 6910141 (Suffolk Sup. Ct.
  Dec. 12, 2019)........................................................................................................................3, 4

*Lopez v. The Dinex Group*,
  No. 155706/2014, 2015 3932894 (New York Sup. Ct. June 23, 2015)....................................7

# TABLE OF AUTHORITIES
(CONTINUED)

PAGE

**Cases**

*Lopez-Serrano v. Rockmore*,
   132 F. Supp. 3d 390 (E.D.N.Y. 2015) ...................................................................................3

*Pachter v. Bernard Hodes Group*,
   10 N.Y.3d 609, 891 N.E.2d 279 (2008) ................................................................................2

*Phillips v. Max Finkelstein, Inc.*,
   66 Misc.3d 514, 115 N.Y.S.3d 866 (Suffolk Sup. Ct. Dec. 12, 2019) ................................4, 9

*Rana v. Islam*,
   887 F.3d 118 (2d Cir 2018) ...................................................................................................7

*Reilly v. Natwest Mkts. Grp.*,
   181 F.3d 253 (2d Cir. 1999) ..................................................................................................7

*Rojas v. Hi-Tech Metals, Inc.*,
   No. 702847/2019, 2019 WL 4570161 (Queens Sup. Ct. Sept. 11, 2019) ..............................9

*Sarit v. Westside Tomato, Inc.*,
   No. 18-cv-11524, 2020 WL 1891983 (S.D.N.Y. Apr. 16, 2020) ..........................................3

*Scott v. Whole Foods Marketing Group, Inc.*,
   No. 18-cv-86, 2019 WL 1559424 (E.D.N.Y. Apr. 9, 2019) .......................................... passim

*Sidden v. Accentcare of N.Y.*,
   No. 502494/13, 2014 WL 4063038 (Kings Sup. Ct. Aug. 18, 2014) ....................................8

*Sorto v. Diversified Maintenance Systems, LLC*,
   No. 20-cv-1302, 2020 WL 7693108 (E.D.N.Y. Dec. 28, 2020) .................................... passim

*Spokeo, Inc. v. Robins*,
   — U.S. —, 136 S. Ct. 1540 (2016) .......................................................................................8

*U.S. v. Awadallah*,
   349 F.3d 42 (2d Cir. 2003) ....................................................................................................8

*Vega v. CM & Associates Construction Management, LLC*,
   175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't 2019) ................................................. passim

*Wang Kwong Ho v. Target Constr. Of NY Corp.*,
   No. 08-cv-4750, 2011 WL 1131510 (E.D.N.Y.) ...................................................................3

# TABLE OF AUTHORITIES
(CONTINUED)

**PAGE**

**Statutes**

N.Y. CPLR § 901(b) ...................................................................................................................7

N.Y. CPRL § 901(b) ................................................................................................................1, 7

N.Y. LAB. LAW § 191 ........................................................................................................ *passim*

N.Y. LAB. LAW § 191(1)(a) ............................................................................................... *passim*

N.Y. LAB. LAW § 191(1)(a)(i) ....................................................................................................1

N.Y. LAB. LAW § 191(1)(a)(ii) ...................................................................................................6

N.Y. LAB. LAW § 195(3) ................................................................................................1, 9, 10

N.Y. LAB. LAW § 198 ........................................................................................................ *passim*

N.Y. LAB. LAW § 198(1-a) ..............................................................................................2, 3, 4

N.Y. LAB. LAW § 198(1-b) ........................................................................................................2

N.Y. LAB. LAW § 198(1-d) ........................................................................................................2

New York Labor Law ("NYLL") ........................................................................................ *passim*

Petco respectfully submits this reply memorandum in further support of their motion to dismiss (Docs. 16, 16-1).

## I. PRELIMINARY STATEMENT

Through her opposition (Doc. 18), Plaintiff contests the dismissal of her two-count complaint for alleged violations of New York Labor Law ("NYLL") Section 191(1)(a)(i) with respect to the timing of her wage payments, and Section 195(3) with respect to her wage statements. Although Plaintiff was paid bi-weekly, *and does not allege that she was not paid in full on a bi-weekly basis*, Plaintiff claims she should have been paid weekly under Section 191(1)(a), and that Petco's failure to do so entitles her to recover up to 100% of her wages as liquidated damages. Her theory: (a) rests on a relatively novel interpretation (beginning in April 2019) of the availability of a private right of action under Section 191, which contravenes the statutory text and prior decisions of this Court, (b) has not been universally recognized by New York's state courts, (c) represents a departure from established principles of statutory construction, (d) shows no sign of having been approved or applied by the New York Department of Labor, and (e) likely cannot be pursued on a class action basis in state court (as Section 901(b) of New York's Civil Practice Law & Rules precludes use of the class action device to recover statutory penalties). On top of that, Plaintiff seeks to assert a Section 195(3) wage statement claim based on the notion that her wage statements were improper because her hours and pay were stated on a bi-weekly as opposed to weekly basis, even though courts—including those finding a private right of action to exist under Section 191—have routinely rejected that theory.

## II. THE COURT SHOULD NOT FIND THAT A PRIVATE RIGHT OF ACTION EXISTS UNDER SECTION 191 IN THE ABSENCE OF ALLEGATIONS OF ACTUAL UNPAID WAGES

Relying principally on *Vega v. CM & Associates Construction Management, LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't 2019), and the Court's recent decisions in *Scott v.*

*Whole Foods Marketing Group, Inc.*, No. 18-cv-86, 2019 WL 1559424 (E.D.N.Y. Apr. 9, 2019), and *Sorto v. Diversified Maintenance Systems, LLC*, No. 20-cv-1302, 2020 WL 7693108 (E.D.N.Y. Dec. 28, 2020), Plaintiff contends that a private right of action is available to her to seek the recovery of liquidated damages, costs, and attorney's fees for Petco's alleged failure to pay her on a weekly basis, even though Plaintiff concedes that Petco paid her bi-weekly and she offers no allegations that she was underpaid on that basis.[1] The Court should grant Petco's motion to dismiss for at least the following reasons.

      A.    **The Statutory Text Does Not Support Recognizing A Private Right Of Action To Recover Liquidated Damages, Costs, and Attorney's Fees Under Section 191(1)(a) In The Absence of Any Unpaid Wages**

Section 191 is codified within Section 6 of the NYLL, which "regulates the payment of wages by employers." *Pachter v. Bernard Hodes Group*, 10 N.Y.3d 609, 614, 891 N.E.2d 279, 282 (2008). Enforcement of Section 6's provisions is principally left to the Commissioner of the Department of Labor, *except in two express circumstances set forth in Section 198*. In the first, an employee may directly seek to recover "any [wage] underpayment." N.Y. LAB. LAW § 198(1-a). In the second, an employee may directly seek statutory damages for her employer's failure to provide her with proper wage statements. *Id.* at §§ 198(1-b), (1-d).

Prior to 2019, New York's state and federal courts routinely construed the express language of Title 6's enforcement and remedies provision—Section 198—as precluding any "private [right of] recovery for violations of [the NYLL's] provisions regarding frequency of payment.," reasoning that a late-but-full wage payment does not equate to an underpayment. *Hussain v.*

---

[1] Page references to court filings are to the page numbers assigned by the Pacer filing system, which may differ from a document's originally generated page numbering format. Although Plaintiff contends that payment is an affirmative defense, best resolved later in this proceeding (Doc. 18 at 10, 17), her argument is a red herring because nowhere in her complaint does Plaintiff allege that she was not paid her wages in full. Instead, she simply alleges that her wage payments were paid bi-weekly, instead of weekly, in supposed violation of Section 191 (Doc. 1 *passim*).

2

*Pakistan Int'l Airlines Corp.*, No. 11-cv-932, 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2012); *accord* Doc. 16-1 at 12-13 (collecting cases). But in 2019, this Court—joined months later by the Appellate Division, First Department—reversed course, concluding that a late-but-full wage payment might constitute an actionable underpayment, but in any event a private right of action could be implied into Section 198 to allow the recovery of liquidated damages for late-but-full wage payments. *Scott*, 2019 WL 1559424, at *2-3; *Vega*, 107 N.Y.S.3d at 1146.[2] Neither *Scott* nor *Vega* addressed *Hussain*, let alone any of the other decisions which had previously rejected the notion that a late-but-full wage payment equates to an underpayment for purposes of Section 198(1-a). Moreover, other post-*Scott* and post-*Vega* decisions have been unwilling to follow this novel interpretation of Section 198's statutory language, and continue to hold that "[w]ithout any allegations of unpaid wages," a plaintiff cannot bring a Section 191/Section 198 claim based solely on allegations of late-but-full wage payments. *See, e.g.*, *Gardner v. D&D Elec. Constr. Co.*, No. 160249/2018, 2019 WL 3765345, at *2 (New York Sup. Ct. Aug. 9, 2019); *accord Kruty v. Max Finkelstein, Inc.*, 65 Misc.3d 1236, 119 N.Y.S.3d 831, 2019 WL 6910141, at *3 (Suffolk Sup. Ct.

---

[2]  In her opposition, Plaintiff contends that "even before [*Scott* and] *Vega*, multiple courts … found that a private right of action exists under NYLL § 191(1)(a)" (Doc. 18 at 18). However, the cases she cites do not support her contention that courts have long recognized a private right of action for late-but-full wage payments. For example, in *Lopez-Serrano v. Rockmore*, 132 F. Supp. 3d 390 (E.D.N.Y. 2015), the plaintiff offered evidence that she had not been paid at the minimum wage or overtime rates for the hours she actually worked. *Id.* at 398. In *Gonzales v. Gan Israel Pre-School*, No. 12-cv-6304, 2014 WL 1011070 (E.D.N.Y. Mar. 14, 2014), the plaintiff offered evidence that the defendant had not paid her back wages due and owing **for nearly two years**. *Id.* at *13. Similarly, in *Wang Kwong Ho v. Target Constr. Of NY Corp.*, No. 08-cv-4750, 2011 WL 1131510 (E.D.N.Y.), the plaintiff demonstrated that the defendant had not paid him **for his last six (6) months** of work. *Id.* at *14. Here, on the other hand, there are no allegations that Plaintiff was not paid in full—her allegations simply allege that she was paid those full wages bi-weekly, instead of weekly. Of course, the same problem pervades many of Plaintiff's citations to post-*Scott* and post-*Vega* decisions, which she also claim support the notion that a private right of action exists under Section 191 for the late-but-full payment of wages (Doc. 18 at 18). For example, in *Sarit v. Westside Tomato, Inc.,* No. 18-cv-11524, 2020 WL 1891983 (S.D.N.Y. Apr. 16, 2020), the plaintiff alleged that her employer not only paid her late, but on occasion failed to pay her at all, through payroll practices the court described as intended to "evad[e] the minimum wage requirements." *Id.* at 5-6. And in *Duverny v. Hercules Medical, P.C.,* No. 18-cv-7652, 2020 WL 1033048 (S.D.N.Y. Mar. 3, 2020), the plaintiff asserted Section 191 wage claims based on a several month wage payment delay that was satisfied **only after** she filed a grievance with, and her employer entered into a conciliation agreement with, the U.S. Department of Labor.

3

Dec. 12, 2019) (holding that there is "no private right of action … for a frequency of pay violation unless there was nonpayment of wages"); *Phillips v. Max Finkelstein, Inc.*, 66 Misc.3d 514, 519, 115 N.Y.S.3d 866, 869 (Suffolk Sup. Ct. Dec. 12, 2019) (same).[3]

The fundamental problem with *Scott* and *Vega* (and the handful of subsequent decisions adopting their reasoning) is that recognizing a private right of action for claims of untimely-but-fully paid wages cannot be squared with the express language of Section 198(1-a), let alone with this Court's prior and wider jurisprudence concluding that the *only* private rights of action that exist to enforce Title 6's terms are those expressly set forth within Section 198 itself (*see* Doc. 16-1 at 13, 18-19 (collecting cases)). Petco is not arguing that an employee has no remedy for being underpaid her wages. The issue is whether late-but-fully paid wages to manual workers constitute an underpayment within the meaning of Section 198, when paid on a basis permissible for clerical and other workers, such as would allow for a private right of action and potential liquidated damages. Prior to April 2019, this Court concluded that it did not. *See Hussain*, 2012 WL 5289541, at *3. After April 2019, some judges now appear to believe it does, whereas others continue to believe it does do not. *Compare Scott*, 2019 WL 1559424, at *2-4, and *Sorto*, 2020 WL 7693108, at *2-3 *with Gardner*, 2019 WL 3765345, at *2, *Kruty*, 2019 WL 6910141, at *3, and *Phillips*, 66 Misc.3d at 519, 115 N.Y.S.3d at 869.

---

[3] While Plaintiff takes issue with the fact that both *Kruty* and *Phillips* were supposedly based on a "misrepresentation" of the Second Department's decision in *IKEA U.S., Inc. v. Indus. Bd. of Appeals*, 241 A.D.3d 1271, 121 N.Y.S.3d 759 (2d Dep't 1997) (*see* Doc. 18 at 12), both decisions were actually based on the court's interpretation of the plain language of Section 198(1-a), the Queens County Supreme Court's decision in *Hunter v. Planned Building Services, Inc.*, No. 715053/2017, 2018 WL 3392476 (Queens Sup. Ct. June 20, 2018), and the prior decisions of this Court (including in *Hussain*). *See Kruty*, 2019 WL 6910141, at *3; *Phillips*, 115 N.Y.S.3d at 869-70. And while Plaintiff claims that the court in *Cuzco v. Orion Builders, Inc.*, No. 06-cv-2789, 2010 WL 2143662 (S.D.N.Y. 2010), actually found that *IKEA* supports the notion that a private right of action exists for late-but-full wage payments, it does not (Doc. 18 at 13). In *Cuzco*, the court **did not find** that *IKEA* provided the plaintiffs with an avenue to recover under Section 191. Instead, the court simply cited *IKEA* for the definition of "manual worker" under the NYLL. *Cuzco*, 2019 WL 6910141, at *4. Also, *Cuzco* did not simply concern untimely wage payments, but also included claims for unpaid wages. *Id.* at *1-6.

The recent decisions recognizing a private right of action under Section 191 for late-but-fully paid wages simply cannot be reconciled with the contemporaneous decisions of other New York state and federal courts finding to the contrary. As one court put it, in light of the New York Legislature's 2010 amendment of Section 198 "to add[] explicit private rights of action for certain claims . . . but not others," private rights of action cannot be inferred into Section 198 of NYLL Title 6, as the Legislature "clearly knew how to" create such rights but chose not to do so except where expressly stated. *Chain v. Big Geyers, Inc.*, No. 17-cv-6473, 2018 WL 4168967, at *6 (S.D.N.Y. Aug. 30, 2018); *see also Konkur v. Utica Academy of Sci. Charter School*, 181 A.D.3d 1271, 1272, 121 N.Y.S.3d 759, 760 (4th Dep't 2020).

This principle of statutory construction was recently upheld by the Second Department in *Joseph v. Nyack Hosp.*, — N.Y.S.3d —, 2020 WL 6930824 (2d Dep't Nov. 25, 2020). In *Joseph*, the court concluded that no private right of action to enforce Article 11 of the Social Services Law could be implied in light of the "Legislature's failure to explicitly provide one." *Id.* at *5. Neither *Scott*, nor *Sorto*, nor *Vega* expressly addressed this important argument.[4]

Moreover, there is no indication that recognition of a private right of action for late-but-fully paid wages is a position sought by or, after 2019 applied by, the Department of Labor — the State Agency responsible for the statute's enforcement. As Petco explained in its motion, the legislative history evidences the Department of Labor's belief that Section 191 serves as the source of its own enforcement authority, and not as the source for privately actionable rights (Doc. 16-1 at 19-22). In fact, the Commissioner can waive the weekly pay requirement for manual workers,

---

[4] While Plaintiff claims that courts have not been willing to infer the existence of a private right of action into other provisions of NYLL Title 6 because those do not concern "the payment of wages" (Doc. 18 at 15-16), there is no meaningful difference between Title 6's requirements in this regard. As the New York Court of Appeals stated in *Gottlieb v. Kenneth D. Laub & Co*., "[t]he legislative history" reveals that the Legislature "treated all of the remedies in Labor Law § 198 as addressing the same problem," namely, the payment of wages consistent with **all of** Title 6's requirements. 82 N.Y.2d 457, 463 (1993). Accordingly, the judicial reluctance to infer private rights of action beyond those expressly set forth in Section 198 should be equally applicable to Section 191 as it is to Title 6's other provisions.

5

which then requires that such workers be paid on a bi-weekly or semi-monthly basis. N.Y. LAB. LAW § 191(1)(a)(ii)). Put simply, the legislative history signals that the purpose of Section 191(1)(a) is procedural, not substantive, in nature, and is designed not to ensure that manual workers are paid weekly versus on some other schedule, but instead to ensure that employers make payroll payments at all. As a result, implying a private right of action here — where full wages were not only paid, but paid on a bi-weekly schedules permitted for clerical and other workers generally — would not promote their protection, would not further the purpose of Title 6, and would otherwise interfere with the administrative enforcement mechanism established by the Legislature to ensure compliance with Title 6's provisions.

Accordingly, the Court should dismiss Plaintiff's Section 191 claim (and thereby not adopt the reasoning of *Scott, Sorto* and *Vega*), because there are no allegations here that Plaintiff was not paid the wages due her, and Plaintiff concedes that her wage payments were never delayed beyond the bi-weekly pay cycle that Petco utilized with its New York employees (and, after all, is legally permissible for use with clerical and other workers). The reasoning of *Scott*, *Sorto* and *Vega* cannot be reconciled with the plain language of Section 198, or with the judiciary's wider and long-standing jurisprudence refusing to recognize implied private rights of action within Section 198 and Title 6 generally. The decision of whether to afford employees with a private right of action to recover liquidated damages for late-but-full wages should be resolved by the Legislature, not by the judiciary. In fact, it would be an odd and draconian result indeed if Petco, or any other employer, could be held liable to a class of employees for liquidated damages when it paid its employees *in full* on a bi-weekly as opposed to weekly basis over the last six years. This is especially true when, for the majority of that period, this Court indicated that such conduct was not subject to private action, courts still disagree to this day whether such a private right of action

6

actually exists, and such New York statutory claims likely cannot be pursued in New York's state courts based on New York's prohibition against use of the class action device to pursue statutory penalties.

**B.     Recognizing A Private Right Of Action Under Section 191(1)(a) To Pursue Late-But-Full Wage Payments Raises Serious Constitutional Concerns**

Petco previously demonstrated that by granting its motion, the Court could avoid the Constitutional concerns that would arise if a private right of action was to be inferred from Title 6's otherwise silent terms (Doc. 16-1 at 22-24). After all, Plaintiff does not claim any actual wage deprivations, or any other sort of injury-in-fact (Doc. 1 *passim*). Instead, she seeks liquidated damages, costs, and attorney's fees based on her belief that Petco should have paid her weekly, instead of bi-weekly (*id.*)—remedies she would not be able to pursue on a class action basis in state court based on New York's prohibition against use of the class action device to pursue pure penalties). N.Y. CPRL § 901(b).

In response, Plaintiff contends that since 2009, liquidated damages under the NYLL have been considered compensatory remedies, not penalties (Doc. 18 at 22-23). But the cases she cites—*Rana v. Islam*, 887 F.3d 118 (2d Cir 2018) and *Herman v. RSR Security Services, Ltd.*, 172 F.3d (132 (2d Cir. 1999)—do not stand for that proposition. In fact, *Herman* does not even involve claims under the NYLL. And contrary to Plaintiff's claim, New York courts continue to consider liquidated damages under the NYLL as a penalty, particularly within the meaning of CPLR Section 901(b), which are intended to "deter an employer's willful withhold of wages due." *Reilly v. Natwest Mkts. Grp.*, 181 F.3d 253, 265 (2d Cir. 1999). *See also Gardne*r, 2019 WL 3765345, at *4 ("Liquidated damages under §198 constitute a penalty"); *Hunter*, 2018 WL 3392476, at *4 (liquidated damages under the NYLL are "a penalty precluded by CPLR § 901(b)"); *Lopez v. The Dinex Group*, No. 155706/2014, 2015 3932894, at *2 (New York Sup. Ct. June 23, 2015) (same);

7

*Sidden v. Accentcare of N.Y.*, No. 502494/13, 2014 WL 4063038, at *2 (Kings Sup. Ct. Aug. 18, 2014) (same). Of course, Plaintiff does not allege here that any wages were withheld. She simply claims her wages were paid bi-weekly, instead of weekly.

On top of that, the availability of a remedy—whether deemed compensatory or a penalty in nature—does not alone provide Plaintiff with Article III standing, which is yet another issue that neither *Scott*, nor *Sorto*, nor *Vega* addressed. The Supreme Court has made clear that a plaintiff may not allege a bare statutory violation, "divorced from any concrete harm, and satisfy [Article III's] injury-in-fact requirement." *Spokeo, Inc. v. Robins*, — U.S. —, 136 S. Ct. 1540, 1549 (2016). But that is exactly what Plaintiff seeks to do here, as she claims no injury apart from being fully paid on a bi-weekly, instead of weekly, basis. And although Plaintiff cites cases for the proposition that statutory violations can sometimes alone confer standing when sufficiently connected to a party's concrete interests (Doc. 18 at 23-24), she fails to plausibly explain how being paid in full on a bi-weekly basis compromised her own interests in any tangible or concrete way, given that the NYLL permits employers to pay clerical and other workers on a bi-weekly or semi-monthly basis. Plaintiff, in other words, fails to plausibly explain how being paid on the same basis as a clerical worker, as opposed to a manual worker, caused her a unique, identifiable and personalized injury. This is not surprising. There is no harm.

Accordingly, the Court should decline to recognize an implied right of action under Section 191 for late-but-fully paid wages, not only for the reasons discussed *supra*, but also "to avoid the constitutional problems" that would arise from recognizing such an implied right of action. *U.S. v. Awadallah*, 349 F.3d 42, 55 (2d Cir. 2003).

### III. CASE LAW IS CLEAR: A SECTION 195(3) WAGE STATEMENT CLAIM CANNOT BE BASED SOLELY ON ALLEGATIONS OF UNTIMELY PAYMENT

In their motion to dismiss, Petco demonstrated that a plaintiff cannot state a NYLL Section 195(3) claim based solely on allegations of untimely wage payments, as courts have consistently found that Section 195(3) only requires that wage statements be provided when wage payments *are actually made* by an employer, which here occurred on a bi-weekly basis (Doc. 16-1 at 24-25).

In response, Plaintiff resorts to a generalized policy argument that if Petco had complied with Section 191, "they would have [had] to issue their manual workers with weekly wage statements" reflecting "the number of hours worked per week," instead of providing wage statements showing the number of hours worked every two weeks (Doc. 18 at 25). But again, *this is the very sort of argument that has been repeatedly rejected by New York's courts*, who have routinely concluded that Section 195(3) does not provide employees with a cause of action for being provided with wage statements detailing their hours and pay on a bi-weekly, instead of weekly, basis. *See, e.g.*, *Gardner*, 2019 WL 3765345, at *4 (dismissing §195(3) claim based on alleged § 191 violations); *Phillips*, 66 Misc.3d at 519, 115 N.Y.S.3d at 870 (same, and noting "that under a plain reading of [Section 195(3)] there is no requirement that the wage information be provided weekly"); *Hunter*, 2018 WL 3392476, at *4. In fact, one of the handful of courts that has adopted *Vega* has agreed with these decisions, concluding that although a private right of action may exist under Section 191 for late-but-full payments, no corresponding claim can be stated under Section 195(3) for an employer's failure to provide weekly, as opposed to bi-weekly, wage statements. *See Rojas v. Hi-Tech Metals, Inc.*, No. 702847/2019, 2019 WL 4570161, at *4 (Queens Sup. Ct. Sept. 11, 2019) (in allowing § 191 claim but dismissing § 195(3) wage statement claim, noting that "Plaintiff's allegation that the statements were to be provided weekly due to the frequency of Payment rules set forth in NYLL § 191(1)(a) is not supported by a plain reading of

9

NYLL § 195(3)."). Put simply, Plaintiff's allegations fail to state a cognizable Section 195(3) wage statement claim, and should be dismissed, even if this Court were to conclude that a private right of action exists under Section 191 to pursue claims for late-but-full wage payments.

## IV. CONCLUSION

For the reasons set forth above and in Petco's motion to dismiss and supporting memorandum, the Court should dismiss Plaintiff's claims in this case with prejudice.

Dated: January 15, 2021
New York, New York

*/s/ Craig R. Benson*
Craig R. Benson
Paul R. Piccigallo
Kevin K. Yam
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298
cbenson@littler.com
ppiccigallo@littler.com
kyam@littler.com
(212) 583-9600

*Attorneys for Defendants Petco Animal Supplies, Inc. and Petco Animal Supplies Stores, Inc.*