UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JANE DOE,

         Plaintiff,

      -against-

PETCO ANIMAL SUPPLIES, INC. and PETCO
ANIMAL SUPPLIES STORES, INC.,

         Defendants

Case No. 1:20-cv-03534-RPK-SJB

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO AMEND AND CERTIFY THE COURT'S SEPTEMBER 27, 2021
ORDER FOR INTERLOCUTORY APPEAL DOCUMENT TITLE**

---

Crag R. Benson
Paul R. Piccigallo
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298
cbenson@littler.com
ppiccigallo@littler.com
(212)583-9600

*Attorneys for Defendants Petco
Animal Supplies, Inc. and Petco
Animal Supplies Stores, Inc.*

**TABLE OF AUTHORITIES**

PAGE(S)

I.      PRELIMINARY STATEMENT ...........................................................................................1

II.     ARGUMENT .....................................................................................................................3

        A.      Standard For Certification Of An Order For Interlocutory Appeal .......................3

        B.      The Court Should Certify For Interlocutory Review The Question Of
                Whether Section 191 Affords Manual Workers A Private Right Of Action
                To Complain About Being Fully Paid On A Biweekly Basis ...............................3

                1.      The Question Of Whether A Manual Worker Can State A Claim
                        Solely For Liquidated Damages Because She Was Fully Paid On A
                        Biweekly As Opposed To Weekly Basis Is A Controlling Question
                        Of Law. ....................................................................................................3

                2.      There Exists Substantial Ground For Difference Of Opinion Over
                        Whether A Manual Worker Can State A Claim Solely For
                        Liquidated Damages Because She Was Fully Paid On A Biweekly
                        Basis. .......................................................................................................4

                3.      An Immediate Appeal Of The Question Whether A Manual
                        Worker Can State A Claim Solely For Liquidated Damages
                        Because She Was Fully Paid On A Biweekly As Opposed To
                        Weekly Basis Will Materially Advance The Ultimate Termination
                        Of This Litigation. ....................................................................................7

        C.      The Court's Ruling That Ms. Caul Has Article III Standing Should Also
                Be Certified For Interlocutory Review ................................................................8

                1.      The Standing Issue Is A Controlling Legal Question. ................................8

                2.      A Substantial Ground For Difference Of Opinion Exists With
                        Respect To The Grounds For The Court's Standing Decision. .................9

                3.      An Interlocutory Appeal May Materially Advance The Ultimate
                        Termination Of This Litigation. .............................................................11

        D.      The Court Should Stay This Case Pending Disposition Of Petco's
                Interlocutory Appeal ........................................................................................11

III.    CONCLUSION ...............................................................................................................13

--i.

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Am. Pipe & Constr. Co. v. Utah*,
   414 U.S. 538 (1974) ................................................................................................13

*Balintulo v. Daimler AG*,
   727 F.3d 174 (2d. Cir. 2013) ....................................................................................3

*Beh v. Cmty. Care Companions Inc.*,
   No. 19-cv-1417, 2021 WL 3914297 (W.D.N.Y. Feb. 1, 2021).................................6

*Belfiore v. Proctor & Gamble Co.*,
   311 F.R.D. 29 (E.D.N.Y. 2015) ................................................................................6

*Bellino v. JPMorgan Chase Bank, NA*,
   No. 14-cv-3139, 2017 WL 129021 (S.D.N.Y. Jan. 13, 2017).............................9, 10

*Carter v. Frito-Lay, Inc.*,
   74 A.D.2d 550 (1st Dep't 1980) ...............................................................................6

*Carter v. HealthPort Techs., LLC*,
   822 F.3d 47 (2d Cir. 2016) ...............................................................................8, 11

*Coley v. Vannguard Urban Improvement Ass'n, Inc.*,
   No. 12-cv-5565, 2018 WL 1513628 (E.D.N.Y. Mar. 27, 2018)...............................4

*Crown, Cork & Seal Co., Inc. v. Parker*,
   462 U.S. 345 (1983) ................................................................................................13

*Divlijanovic v. Saks & Co.*,
   No. 152134/2017, 2018 WL 919987 (N.Y. Cnty. Sup. Ct. Feb. 16, 2018).............6

*Duverny v. Hercules Med. P.C.*,
   No. 1:18-cv-7652 (S.D.N.Y.).....................................................................................9

*EEOC v. Maggies Paratransit Corp.*,
   351 F. Supp. 2d 51 (E.D.N.Y. 2005)........................................................................8

*In re Enron Corp.*,
   No. 01-16034, 2007 WL 2780394 (S.D.N.Y. Sept. 24, 2007) .................................9

*Epstein v. JPMorgan Chase & Co.*,
   No. 13-cv-4744, 2014 WL 1133567 (S.D.N.Y. Mar. 21, 2014)............................10

**TABLE OF CONTENTS**
(CONTINUED)

**PAGE**

*Ferring B.V. v. Allergan, Inc.*,
 343 F. Supp. 3d 284 (S.D.N.Y. 2018) ........................................................................... 12, 13

*Green v. Humana at Home, Inc.*,
 No. 16-cv-7586, 2019 WL 3729390 (S.D.N.Y. Aug. 8, 2019) ...............................9

*Griffin v. Gregorys Coffee Mgmt. LLC*,
 No. 153397/2018, 2019 WL 1877207 (N.Y. Cnty. Sup. Ct. Apr. 26, 2019............................6

*Hussain v. Pakistan Int'l Airlines Corp.*,
 No. 11-cv-932, 2012 WL 5289541 (E.D.N.Y. Oct. 23, 2012) ........................................ 4, 7, 8

*Kawa Orthodontics, LLP v. Secretary, U.S. Dep't of the Treasury*,
 773 F.3d 243 (11th Cir. 2014) .......................................................................................10

*Koehler v. Bank of Bermuda Ltd.*,
 101 F.3d 863 (2d Cir. 1996) .........................................................................................11

*Konkur v. Utica Academy of Acad. of Sci. Charter School*,
 121 N.Y.S.3d 759 (4th Dep't 2020).................................................................................4

*Krebs v. Canyon Club, Inc.*,
 880 N.Y.S.2d 873, 2009 WL 440903 (Westchester Cnty. Sup. Ct. Jan. 2,
 2009).................................................................................................................................6

*Kurtz v. Kimberly-Clark Corp.*,
 321 F.R.D. 482 (E.D.N.Y. 2017) ....................................................................................6

*Mabe v. Wal-Mart Assocs.*,
 No. 20-cv-00591, 2021 WL 1062566 (N.D.N.Y. Mar. 18, 2021) ...........................................6

*Maddox v. Bank of New York Mellon Trust Co.*,
 No. 15-cv-1053, 2018 WL 3544943 (W.D.N.Y. July 24, 2018.............................................11

*Nken v. Holder*,
 556 U.S. 418 (2009) ......................................................................................................12

*Pepsico, Inc. v. The Great Atl. & Pacific Tea Co., Inc. (In re Great Atl. & Pacific
 Tea Co., Inc.)*,
 615 B.R. 717 (S.D.N.Y. 2020)..........................................................................................8

*Picard v. Bigsbee Enters., Inc.*,
 997 N.Y.S.2d 669, 2014 WL 3639072 (Albany Cnty. Sup. Ct. June 24, 2014).....................6

# TABLE OF CONTENTS
(CONTINUED)

PAGE

*Porsch v. LLR, Inc.*,
   380 F. Supp. 3d 418 (S.D.N.Y. 2019) .................................................................................10

*U.S. ex rel. Quartararo v. Catholic Health Sys. Of Long Island Inc.*,
   521 F. Supp. 3d 265 (E.D.N.Y. 2021) ................................................................................3

*Rodrigue v. Lowe's Home Ctrs, LLC*,
   No. 20-cv-1127, 2021 WL 3848268 (E.D.N.Y. Aug. 27, 2021) ...........................................5

*Rondina v. Feigenbaum*,
   No. 19-cv-1699, 2021 WL 243082 (D. Conn. Jan. 25, 2021) ..............................................12

*Sorto v. Diversified Maint. Sys.*,
   No. 20-cv-1302, 2020 WL 7693108 (E.D.N.Y. Dec. 28, 2020)............................................6

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) ...........................................................................................................2

*Sutherland v. Ernst & Young LLP*,
   856 F. Supp. 2d 638 (S.D.N.Y. 2012).................................................................................12

*Taylor v. Fed. Aviation Admin.*,
   351 F. Supp. 3d 97 (D.D.C. 2018) .....................................................................................10

*TransUnion LLC v. Ramirez*,
   141 S. Ct. 2190 (2021) .....................................................................................................9

*Vega v. CM & Associates Construction Management, LLC*,
   107 N.Y.S.3d 286 (1st Dep't 2019) ...........................................................................*passim*

*Virginia House of Delegates v. Bethune-Hill*,
   139 S. Ct. 1945 (2019) .....................................................................................................12

*Whitmore v. Adams*,
   495 U.S. 149 (1990) .........................................................................................................10

**Statutes**

28 U.S.C. § 1292(b) ............................................................................................ 3, 8, 11, 13

N.Y. Lab. L. § 198(3)...........................................................................................................7

**Other Authorities**

Fed. R. App. P. 5(a)(3)..........................................................................................................3

# TABLE OF CONTENTS
(CONTINUED)

**PAGE**

Fed. R. App. P. 8(a)(1) ...................................................................................................................11

N.Y. C.P.L.R. § 901(b) .....................................................................................................................6

Defendant Petco Animal Supplies, Inc. and Petco Animal Supplies Stores, Inc. (collectively, "Petco") respectfully submit this memorandum of law in support of their motion to certify the Court's September 27, 2021 Order (Doc. 20) for interlocutory appeal.

## I.     PRELIMINARY STATEMENT

Neither the New York Court of Appeals nor the Second Circuit has ever opined on whether a private right of action exists with respect to a claim for untimely wages pursuant to New York Labor Law ("NYLL") Section 191.  Historically, until the Appellate Division, First Department's 2019 decision in *Vega v. CM & Associates Construction Management, LLC*, 107 N.Y.S.3d 286 (1st Dep't 2019), courts addressing the issue had uniformly held that no private right of action existed.  Since the *Vega* decision, some courts, including this Court, have held to the contrary.  As the result of the possibility of extensive liquidated damages (an issue that also must be addressed and clarified) the stakes here are extremely high.  Given the uncertainly with respect to these important novel and case determinative issues of law, this is exactly the type of case that is worthy of interlocutory appeal.

On September 27, 2021, the Court issued an Order (Doc. 20, the "Order") granting in part, and denying in part, Petco's motion to dismiss Ms. Caul's Class Action Complaint (Doc. 1).  In partially denying Petco's motion, the Court held that (1) a private right of action was possible under Section 191, and (2) Ms. Caul satisfied Article III standing requirements to assert such a claim on behalf of herself.

The Court's conclusion that a manual worker may pursue claims for liquidated damages for being fully paid on a biweekly basis is particularly appropriate for interlocutory review. The question is a narrow and purely legal one, with a potentially outcome-determinative effect.  As explained below, New York's state and federal courts have reached wildly different opinions on whether a manual worker can state such a claim, and whether any private claims—including this

one—can be implied from NYLL's Section 198 terms and provisions.  Practical considerations surrounding recognition of such a claim bolster the need for expedited appellate review of this question of law, given its wide-ranging impact and potentially crippling liquidated damages exposure.  After all, this issue involves (1) a question of law (2) that was recently subject to a complete judicial re-interpretation without any effort to explain that change through reconciliation of pre- and post-*Vega* authorities, and (3) given retroactive effect to (4) create potential liquidated damage exposure that is both (5) astronomical and (6) out of proportion to any actual harm caused by *fully* paying workers on a biweekly instead of weekly basis.

The Court's determination that Ms. Caul has standing to assert a NYLL Section 191 claim is also particularly appropriate for interlocutory appeal.  The Court concluded that "the late payment of wages is a concrete harm" because the affected employee "loses the time value of th[at] money" (*Id.* at 8 (partial quotation omitted)).  But as explained below, no such injury was pleaded by Ms. Caul, and while some New York courts have recognized the novelty of using a lost time value of money theory to claim an Article III injury-in-fact, they have disagreed over whether such allegations can satisfy Article III's demands.  Amendment of the Court's Order to permit interlocutory review of such pure legal questions is therefore warranted, given their potential outcome-determinative effect in this case, coupled with the need to ensure that the Court has jurisdiction over this matter from the very onset of this case.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (jurisdiction is "a threshold matter" because, "[w]ithout jurisdiction the court cannot proceed at all in any cause").

In addition to an amendment of the Order to permit Petco to seek an interlocutory appeal, Petco also requests that the Court stay all proceedings in this case pending disposition of that appeal.  Otherwise, one of the primary purposes of certification—avoiding the time and expense

of discovery, motion practice and potentially trial—will be moot in the event the Second Circuit reverses this Court on the issues presented in this motion.

## II.    ARGUMENT

### A.    Standard For Certification Of An Order For Interlocutory Appeal

When a district court is of the opinion that an interlocutory "order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation" (28 U.S.C. § 1292(b)), the court "should not hesitate to certify an interlocutory appeal." *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d. Cir. 2013). As discussed below, these criteria are satisfied here with respect to the Court's September 27, 2021 Order. And where, as here, the district court's order as originally issued does not include this certification, Rule 5(a)(3) of the Federal Rules of Appellate Procedure authorizes the court to amend its prior order to include it, either on the district court's own initiative, or in response to a party's motion. Fed. R. App. P. 5(a)(3).

### B.    The Court Should Certify For Interlocutory Review The Question Of Whether Section 191 Affords Manual Workers A Private Right Of Action To Complain About Being Fully Paid On A Biweekly Basis

The Court should certify for interlocutory review its determination that Ms. Caul has stated a claim for untimely wages under Section 191 (Doc. 20 at 3-7) for the following reasons.

#### 1.    The Question Of Whether A Manual Worker Can State A Claim Solely For Liquidated Damages Because She Was Fully Paid On A Biweekly As Opposed To Weekly Basis Is A Controlling Question Of Law.

The question of whether a manual worker can state a private claim under NYLL Section 191 to recover liquidated damages for being fully paid on a biweekly basis presents a controlling question of law, as it involves a purely legal and outcome-determinative issue. See *U.S. ex rel. Quartararo v. Catholic Health Sys. Of Long Island Inc.*, 521 F. Supp. 3d 265, 275 (E.D.N.Y. 2021)

(noting that a "controlling question of law" for purposes of 28 U.S.C. § 1292 is one involving "a 'pure' question of law" which, if reversed, "would terminate the action").

> **2.      There Exists Substantial Ground For Difference Of Opinion Over Whether A Manual Worker Can State A Claim Solely For Liquidated Damages Because She Was Fully Paid On A Biweekly Basis.**

In its Order, the Court concluded that Ms. Caul stated a claim under NYLL Section 191 because the Court was obligated to apply the Appellate Division, First Department's decision in *Vega v. CM & Associates Construction Management, LLC*, 107 N.Y.S.3d 286 (1st Dep't 2019), which "held that New York Labor Law permits employees to seek liquidated damages for the untimely payment of wages, even if wages are no longer past due" (Doc. 20 at 4). Noting that "[s]ince *Vega*, every court in this Circuit . . . appears to have followed its construction of the New York Labor Law" (*Id.* at 5), the Court declined to review *Vega's* reasoning, even though (1) countless "pre-*Vega* cases"—*including cases by this Court*—had previously declined to recognize a private right of action under Section 191 in the absence of actual wage non-payment, and *Vega* entirely failed to address those decisions;[1] and (2) *Vega* was based in part on the assumption that a private right of action can be implied under NYLL Section 198 for "late" but full payments even though other courts—including other New York intermediate appellate courts—have concluded that private rights of action cannot be implied under Section 198 in light of the New York Legislature's recent amendments of that section. *See, e.g.*, *Konkur v. Utica Academy of Acad. of Sci. Charter School*, 121 N.Y.S.3d 759, 760 (4th Dep't 2020). While the Court characterized such cases as "inapposite" (Doc. 20 at 6), they at least evidence that New York's state and federal courts

---

[1] *Compare, e.g.*, *id.* at 5-6 *with Hussain v. Pakistan Int'l Airlines Corp.*, No. 11-cv-932, 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2012) ("The NYLL contains no provision for private recovery for violations of its provisions regarding frequency of payment") *and Coley v. Vannguard Urban Improvement Ass'n, Inc.*, No. 12-cv-5565, 2018 WL 1513628, at *13 (E.D.N.Y. Mar. 27, 2018) (concluding that NYLL § 198 "afford[s] relief for unpaid wages, not for late paid wages").

have reached substantially differing opinions on whether private rights of action can be implied at all under Section 198's express terms and provisions.

At bottom, the issue of whether a "manual worker" can state a private claim under Sections 191 and 198 for liquidated damages for being fully paid on a biweekly basis is one ripe for interlocutory review (and potentially for certification by the Second Circuit for review by the New York Court of Appeals). As the Court's Order notes, New York state and federal decisions differ substantially before and after *Vega's* 2019 release over the pure and narrow legal question of whether Sections 191 and 198 afford a private right of action to pursue liquidated damages for late but full wage payments. New York state and federal case law also substantially differ over whether implied rights of action can be inferred under Section 198. In fact, the New York Department of Labor's own Labor Standards Complaint Form does not treat a frequency-of-pay claim as an unpaid/underpaid wages claim.[2] Such differences across New York state law, federal law, and the Department of Labor over narrow and outcome-determinative questions of law warrant interlocutory review by the Second Circuit.

Practical considerations also support certifying these issues for interlocutory review. Since 2019, federal courts have indicated they are bound to follow *Vega*, and have therefore been unwilling to consider challenges to its reasoning (which, as the Court notes, conflicts with more than a half-dozen federal and state decisions decided between 2012 and *Vega's* release in 2019). *See, e.g.*, Doc. 20 at 4-5; *Rodrigue v. Lowe's Home Ctrs, LLC*, No. 20-cv-1127, 2021 WL 3848268, at *5 (E.D.N.Y. Aug. 27, 2021); *Mabe v. Wal-Mart Assocs.*, No. 20-cv-00591, 2021 WL 1062566,

---

[2] The Department's Complaint Form lists frequency-of-pay concerns as a form of "non-wage complaint," along with employee concerns about an employer's failure to "[p]rovide a day or rest" or "a termination notice." *See* NY DOL's Labor Standards Complaint Form (Mar. 2021 ed.) at Part 8, *available at* https://dol.ny.gov/system/files/documents/2021/03/ls223.pdf. The Department's separate treatment of frequency-of-pay claims from claims of actual wage under- or non-payment in its standard Complaint Form for employees' use is difficult—if not impossible—to reconcile with the First Department's conclusion in *Vega* that "the late payment of wages" are an "underpayment of wages" within the meaning of Section 198.

at *3-*4 (N.D.N.Y. Mar. 18, 2021); *Beh v. Cmty. Care Companions Inc.*, No. 19-cv-1417, 2021

WL 3914297, at *2-*3 (W.D.N.Y. Feb. 1, 2021); *Sorto v. Diversified Maint. Sys.*, No. 20-cv-1302,

2020 WL 7693108, at *2 (E.D.N.Y. Dec. 28, 2020).  But the likelihood of obtaining clarification

on this issue directly from New York's Court of Appeals and other intermediate appellate courts

(*i.e.,* outside of having the issue certified and presented to them from a federal action) is remote,

as New York law prohibits use of the class action device to pursue and recover Section 198

liquidated damages.  N.Y. C.P.L.R. § 901(b).[3]  This Court has repeatedly expressed its concern

with allowing litigants to use a federal forum and the Rule 23 class action device to end-run New

York's substantive public policy of prohibiting use of the class action device to pursue

"excessively harsh results eclipsing plaintiff's actual damages."  *Belfiore v. Proctor & Gamble*

*Co.*, 311 F.R.D. 29, 73 (E.D.N.Y. 2015); *see also Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482,

501-02 (E.D.N.Y. 2017).  That concern should be amplified here, in the context of Section 191

claims, given employers' practical inability to pursue clarification from New York's courts on the

issue of whether manual workers can in fact employ Sections 191 and 198 to pursue liquidated

damage claims for being paid biweekly instead of weekly—a concern that counsels in favor of

certifying this narrow yet controlling question of law for interlocutory review.

Further supporting the certification of this issue for interlocutory review is the fact that the

sea-change brought about by *Vega* has been implicitly applied with retroactive effect—a troubling

---

[3] *Accord Carter v. Frito-Lay, Inc.*, 74 A.D.2d 550, 550 (1st Dep't 1980) (affirming denial of class certification, given that liquidated damages under § 198(1-a) are a form of statutory penalty that cannot be recovered in a class action), *aff'd*, 52 N.Y.2d 994 (N.Y. 1981); *Griffin v. Gregorys Coffee Mgmt. LLC*, No. 153397/2018, 2019 WL 1877207, at *4 (N.Y. Cnty. Sup. Ct. Apr. 26, 2019) (recognizing that "New York State cases after 2009 have continued to hold that liquidated damages under NYLL are intended to be punitive in nature," and may not be sought in a state court class action); *Divlijanovic v. Saks & Co.*, No. 152134/2017, 2018 WL 919987, at *12 (N.Y. Cnty. Sup. Ct. Feb. 16, 2018) (liquidated damages "under the NYLL … are considered a penalty," not compensation, therefore "may not be sought in a class action" under CPLR § 901); *Picard v. Bigsbee Enters., Inc.*, 997 N.Y.S.2d 669 (Table), 2014 WL 3639072, at *2 (Albany Cnty. Sup. Ct. June 24, 2014) (nothing that liquidated damages under § 198(1-a) are a form of penalty which cannot be sought in a CPLR § 901 class action); *Krebs v. Canyon Club, Inc.*, 880 N.Y.S.2d 873 (Table), 2009 WL 440903, at *10 (Westchester Cnty. Sup. Ct. Jan. 2, 2009) (same).

result given that the limitations period for a Section 191 claim is six-years.  *See* N.Y. Lab. L. §

198(3).  In a case like this, for example, that means Petco is potentially liable for liquidated

damages dating back to August 2014, even though federal and state case law at that time and

through *Vega's* release in 2019 held that "[t]he NYLL contains no provision for private recovery

for violations of its provisions regarding frequency of payment."  *Hussain*, 2012 WL 5289541, at

*3.  Moreover, the potential exposure is astronomical, as Section 198(1-a) suggests liquidated

damages should be awarded in an amount up to "one hundred percent of the total amount of the

wages found to be due" over that 6-year period, even though in a case like this no actual wages are

due or sought and such an award would bear no rational relation to the time value of money lost

by Ms. Caul and Petco's other employees from being paid on a biweekly as opposed to weekly

basis.  Such practical considerations, combined with the novelty of the question of law, the

substantial differences of opinion reached by courts on the question over the last decade, and its

potential outcome-determinative effect here and in other cases before New York's federal courts,

warrants the certification of the question for interlocutory review by the Second Circuit.

> **3.     An Immediate Appeal Of The Question Whether A Manual Worker
> Can State A Claim Solely For Liquidated Damages Because She Was
> Fully Paid On A Biweekly As Opposed To Weekly Basis Will
> Materially Advance The Ultimate Termination Of This Litigation.**

The third prerequisite for interlocutory certification of the Court's ruling is also satisfied,

as a determination of the issues presented may serve to avoid a trial or otherwise substantially

shorten this litigation.  Whether Ms. Caul can state a claim under NYLL Sections 191 and 198 for

liquidated damages, simply because she was fully paid on a biweekly instead of weekly basis, is

an outcome determinative issue in this case, as this is the sole claim remaining in this proceeding.

If the Second Circuit reverses the Court's conclusion that Ms. Caul can state such a claim, that

will result in the "ultimate termination of" this proceeding, because Ms. Caul's Section 191 claim

is her sole remaining claim in this case.  28 U.S.C. § 1292(b).

## C.    The Court's Ruling That Ms. Caul Has Article III Standing Should Also Be Certified For Interlocutory Review

This Court should also certify for interlocutory review its conclusion that Ms. Caul has

Article III standing.  In its Order, the Court concluded that Ms. Caul had Article III standing

because "the late payment of wages is a concrete harm," in that Ms. Caul "los[t] the time value of

the money" paid to her a week late, even though Ms. Caul alleged no such injury in her complaint

(*Id.* at 8 (quotation omitted)).  As set forth below, the prerequisites for certification of this narrow

issue for interlocutory appeal are satisfied in this case.

### 1.    The Standing Issue Is A Controlling Legal Question.

A "controlling question of law" includes "not only those issues that will resolve the action

in its entirety, but those that are dispositive in other respects, such as whether a particular claim

exists." *EEOC v. Maggies Paratransit Corp.*, 351 F. Supp. 2d 51, 53 (E.D.N.Y. 2005).  Here, the

issue of whether Ms. Caul has Article III standing is jurisdictional, and "without jurisdiction, [a]

district court lacks the power to adjudicate the merits of the case." *Carter v. HealthPort Techs.,*

*LLC*, 822 F.3d 47, 54-55 (2d Cir. 2016).  The issue also involves "pure question[s] of law that the

reviewing court could decide quickly and cleanly without having to study the record." *Pepsico,*

*Inc. v. The Great Atl. & Pacific Tea Co., Inc. (In re Great Atl. & Pacific Tea Co., Inc.)*, 615 B.R.

717, 721 (S.D.N.Y. 2020).  No further record development is needed to resolve this question of

law, which implicate the Court's jurisdiction and ability to entertain this lawsuit.

Interlocutory review of this question is also warranted in order to avoid potential future

standing disputes in this case.  After all, even if Ms. Caul does have Article III standing,

clarification regarding what is required to demonstrate an injury-in-fact in this case is warranted

because this is a putative class action, under which Article III standing cannot be "dispensed in gross" to the putative class members, who instead will have to individually demonstrate that they "have Article III standing in order to recover individual damages." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021).  The Court's standing decision also represents an issue that should be certified for interlocutory appeal because it may have "precedential value for a large number of cases." *Green v. Humana at Home, Inc.*, No. 16-cv-7586, 2019 WL 3729390, at *3 (S.D.N.Y. Aug. 8, 2019).  This is an important consideration, as the First Department's *Vega* decision has already spawned the filing of numerous NYLL Section 191 frequency-of-pay class actions in federal courts against New York employers.  *See, e.g.*, *Mabe v. Wal-Mart Assocs., Inc.*, No. 1:20-cv-591 (N.D.N.Y.); *Rodrigue v. Lowe's Home Centers, LLC, et al.*, No. 1:20-cv-01127 (E.D.N.Y.); *Samuel v. Walgreen, Co.*, No. 1:20-cv-04441 (E.D.N.Y.); *Andrews v. Rite Aid Corp.*, No. 1:20-cv-04521 (S.D.N.Y.); *Duverny v. Hercules Med. P.C.*, No. 1:18-cv-7652 (S.D.N.Y.); *Scott v. Whole Foods Mkt. Grp., Inc.*, No. 2:18-cv-86 (E.D.N.Y.).

### 2. A Substantial Ground For Difference Of Opinion Exists With Respect To The Grounds For The Court's Standing Decision.

A "substantial ground for difference of opinion" supporting interlocutory review exists where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Bellino v. JPMorgan Chase Bank, NA*, No. 14-cv-3139, 2017 WL 129021, at *3 (S.D.N.Y. Jan. 13, 2017).  A "substantial ground for difference of opinion" also exists where there is "a genuine doubt as to whether the court applied the correct legal standard in its order." *In re Enron Corp.*, No. 01-16034, 2007 WL 2780394, at *1 (S.D.N.Y. Sept. 24, 2007).

As explained *supra*, interlocutory review is warranted with respect to the Court's conclusion that Article III's injury-in-fact requirement can be satisfied by the lost time value of

money associated with the temporarily deprivation of wages. The sole intra-circuit decision relied upon by the Court to support this point—*Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418 (S.D.N.Y. 2019)—acknowledged that "[n]either the Second Circuit nor the Supreme Court have directly addressed whether loss of the time value of money is a sufficient injury in fact to establish Article III standing." *Porsch*, 380 F. Supp. 3d at 425. And while the *Porsch* court went on to conclude that the temporary lost use of money could constitute an injury-in-fact (*id.*), another judge in the Southern District has concluded that "such a claim would at most demonstrate that [a p]laintiff was inconvenienced," and would "be far too slender a reed on which to premise Article III standing" given that such an alleged injury "would rest on pure speculation." *Epstein v. JPMorgan Chase & Co.*, No. 13-cv-4744, 2014 WL 1133567, at *7 & n.6 (S.D.N.Y. Mar. 21, 2014); *accord Taylor v. Fed. Aviation Admin.*, 351 F. Supp. 3d 97, 103 (D.D.C. 2018) (collecting cases, and questioning whether "the lost time value of money" can be considered "a cognizable constitutional injury" for Article III purposes); *Kawa Orthodontics, LLP v. Secretary, U.S. Dep't of the Treasury*, 773 F.3d 243, 246 (11th Cir. 2014) (concluding "lost time value of money" is "an injury that is too abstract and indefinite to confer Article III standing").[4] Interlocutory review of this question is warranted, given it would be one "of first impression for the Second Circuit" and already is subject to conflicting direction from New York's federal courts. *Bellino*, 2017 WL 129021, at *3.

---

[4] The Court's conclusion is also problematic because Ms. Caul did not allege a "lost time value of money" injury in her complaint (Doc. 1 *passim*). *Accord Whitmore v. Adams*, 495 U.S. 149, 155-56 (1990) (a plaintiff "must clearly and specifically set forth facts sufficient to satisfy these Art. III standing requirements" because courts are prohibited from "embellishing otherwise deficient allegations of standing"). What Ms. Caul claimed in her complaint and in her opposition brief was "an injury as defined by the legislature" in terms of being paid on a biweekly instead of weekly basis—in other words, a claim premised purely on a statutory violation (Doc. 18 at 24). As a result, the parties never briefed the issue of whether an unpled "lost time value of money" injury may or may not suffice to meet Article III's demands.

### 3.    An Interlocutory Appeal May Materially Advance The Ultimate Termination Of This Litigation.

Certifying the Court's standing decision for interlocutory review is justified because such review "may avoid protracted litigation." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865-66 (2d Cir. 1996).  As the Western District recently explained in certifying the question of whether an alleged violation of New York's loan satisfaction statutes constitutes an Article III injury-in-fact:

> If this order is reversed, the case will be dismissed.  And if this order is affirmed, although the case will not be dismissed, the parties and the Court will not have to concern themselves with a significant threshold question that would hover over this case, possibly affecting discovery and any settlement discussions.

*Maddox v. Bank of New York Mellon Trust Co.*, No. 15-cv-1053, 2018 WL 3544943, *3 (W.D.N.Y. July 24, 2018), *leave for interlocutory appeal granted*, 2019 WL 3731312 (2d Cir. June 19, 2019), *underlying decision aff'd.*, 997 F3d 436 (2d Cir. 2021).  The same is true here: Ms. Caul either has standing or she does not.  And if she does not, this case should be dismissed as Article III standing is a jurisdictional concern and "without jurisdiction, [a] district court lacks the power to adjudicate the merits of the case." *Carter*, 822 F.3d at 54-55.

### D.    The Court Should Stay This Case Pending Disposition Of Petco's Interlocutory Appeal

Under 28 U.S.C. § 1292(b), "application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."  Therefore, the Court should also amend its Order, or enter a separate order, staying all proceedings in this matter pending disposition of this motion and any resulting interlocutory appeal. *See* Fed. R. App. P. 8(a)(1) (addressing district court's authority to stay proceedings during pendency of an interlocutory appeal).

A stay pending appeal is warranted where (1) the "applicant has made a strong showing that [it] is likely to succeed on the merits; (2) . . . the applicant will be irreparably injured absent a stay; (3) . . . issuance of the stay will [not] substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). "While stated in these terms, the test contemplates that a movant may be granted relief even if it demonstrates something less than a likelihood of success on the merits of its appeal. Thus, if it shows 'serious questions' going to the merits of its appeal as well as irreparable harm, the stay may be granted." *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 640 (S.D.N.Y. 2012).

Here, Petco has raised "serious questions" regarding the Court's conclusions that Ms. Caul has stated a claim for untimely wages under NYLL Section 191, and has Article III standing to assert such a claim on behalf of herself and others. Petco would be irreparably harmed by the continuation of the case pending appeal, as discovery, further motions practice, and possibly a trial would require the potential needless expenditure of time and money. *See Ferring B.V. v. Allergan, Inc.*, 343 F. Supp. 3d 284, 291 (S.D.N.Y. 2018) (finding irreparable harm and granting stay where "[c]ontinuation of trial at this stage, with a case-dispositive issue pending on appeal, would drain parties' resources and the Court's" because "[i]f on appeal the Federal Circuit reverses this Court's Standing Opinion, trial will have been a nullity, irreparably harming both parties").

Entry of a stay pending appeal will also not substantially injure Ms. Caul. Appellate proceedings may result in some delay, but the harm will "be less than overwhelming and fully reparable" in comparison to allowing this case to proceed under circumstances where the Court's jurisdiction to entertain this matter is in doubt. *Sutherland*, 856 F. Supp. 2d at 643; *accord Virginia House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1950 (2019) ("To reach the merits of a case, an Article III court must have jurisdiction."); *Rondina v. Feigenbaum*, No. 19-cv-1699, 2021 WL

243082, at *3 (D. Conn. Jan. 25, 2021) (recognizing courts "ha[ve] an independent duty to ensure that the parties have standing and that the Court has jurisdiction over the case").  And entry of a stay would serve the public interest, as "[i]t would be a waste of resources–the parties', the Court's, and the public's—to proceed to a trial that turns out to be a nullity."  *Ferring B.V.*, 343 F. Supp. 3d at 292.  Moreover, the statute of limitations for Ms. Caul and the putative class members were tolled as of the date Ms. Caul filed her Complaint, thus obviating any statute of limitations concerns.  *See, e.g.*, *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353-54 (1983); *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 551 (1974).  In addition, the public's interest would be advanced by clarifying the availability of a private right of action under the NYLL for manual workers to seek liquidated damages for being fully paid on a biweekly basis, as well as what is required of them to evidence that they have Article III standing to assert such a claim.  Accordingly, the Court should not only amend its Order to allow for an interlocutory appeal, but also enter a stay of further proceedings in this case pending that appeal.

## III.    CONCLUSION

The Court's disposition of Petco's motion to dismiss presents the classic case for certification of an interlocutory appeal.  Not only are the legal issues decided by the Court and presented by this motion novel ones of first impression, but an interlocutory appeal may materially advance the termination of this litigation.  28 U.S.C. § 1292(b).  Petco therefore respectfully requests that this motion be granted, and that the Court amend its Order to permit Petco to seek interlocutory review.  In addition, Petco respectfully requests that all proceedings in this case be staying pending disposition of that interlocutory appeal.

Dated: October 25, 2021
      New York, New York

LITTLER MENDELSON P.C.


By: */s/ Craig R. Benson*
     Craig R. Benson
     Paul R. Piccigallo
     900 Third Avenue
     New York, NY 10022.3298
     Telephone:  212.583.9600
     cbenson@littler.com
     ppiccigallo@littler.com

     *Attorneys for Defendants Petco Animal Supplies, Inc. and Petco Animal Supplies Stores, Inc.*