**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **AISHAYA CAUL, individually and on behalf of all others similarly situated,** | **No.: 20 Civ. 3534(RPK)(SJB)** |
| **Plaintiff,** | |
| **-against-** | |
| **PETCO ANIMAL SUPPLIES, INC., and PETCO ANIMAL SUPPLIES STORES, INC.,** | |
| **Defendants.** | |

## <u>MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO AMEND AND CERTIFY THE COURT'S SEPTEMBER 27, 2021 ORDER FOR INTERLOCUTORY APPEAL</u>

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street
New York, New York 10005
Telephone: (212) 300-0375

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... iii

PRELIMINARY STATEMENT ................................................................................ 1

LEGAL STANDARD ............................................................................................... 2

I.   THERE IS NO "SUBSTANTIAL DIFFERENCE OF OPINION" REGARDING
     WHETER A PRIVATE RIGHT OF ACTION EXISTS UNDER NYLL § 191 ................. 2

  A.   The First Department's Ruling in *Vega* Removes All Uncertainty From This
       Matter ................................................................................................................. 3

  B.   Pre-*Vega* Courts Have Found or Implied a Private Right of Action
       According to NYLL § 191 ................................................................................ 5

       i.    District Courts Have Found Support for a Private Right of Action Before
             *Vega* ......................................................................................................... 5

       ii.   New York Appellate Courts Have Implied a Private Right of Action Under
             NYLL § 191 ................................................................................................ 6

       iii.  Defendants Continued Citations to Pre-*Vega* Cases are Inapposite ......... 7

       iv.   Damages under NYLL § 198 are Compensatory ....................................... 8

       v.    Defendants' Statement Regarding State Court Appellate Likelihood of
             Success Is    Irrelevant and Incorrect ..................................................... 9

II.  THERE IS NO SUBSTANTIAL DIFFERENCE OF OPINION REGARDING
     PLAINTIFF'S STANDING ........................................................................................ 9

  A.   Underpayment Clearly Establishes Standing ................................................ 10

  B.   A Delay in Payment Creates Standing .......................................................... 11

       i.    Delay in Payment Causes Acute Harm .................................................. 11

       ii.   Untimely Payments are Traditionally Found to Establish Standing ........ 12

       iii.  Defendants' Cited Cases Are Not Applicable ......................................... 12

III. DEFENDANTS SHOULD NOT BE GRANTED A STAY IN THIS MATTER .... 13

CONCLUSION ........................................................................................................ 14

## TABLE OF AUTHORITIES

### CASES

*Adar Bays, LLC v. Aim Exploration, Inc.*,
310 F. Supp. 3d 454 (S.D.N.Y. 2018) .......................................................................... 2

*Andrews v. Rite Aid Corp.*,
No. 20 Civ 4521 (VSB) (S.D.N.Y. Mar. 11, 2021) ...................................................... 12

*Beh v. Cmty. Care Companions Inc.*,
No. 19 Civ 1417 (JLS) (HBS), 2021 WL 3914297 (W.D.N.Y. Feb. 1, 2021) ................. 4, 10, 12

*Bynog v. Cipriani Group, Inc.*,
298 A.D. 2d 164 (1st Dept. 2002) ................................................................................. 6

*Bynog v. Cipriani Group, Inc.*1
 N.Y. 3d 193 (2003) ....................................................................................................... 6

*Cohen v. Finz & Finz, P.C.*,
131 A.D. 3d 666 (2nd Dept. 2015) ................................................................................ 6

*DiBella v. Hopkins*,
403 F.3d 102 (2d Cir. 2005) ...................................................................................... 1, 3, 7

*Epstein v. JP Morgan Chase*,
No. 13 Civ. 4744, 2014 WL 1133568 (S.D.N.Y. Mar. 21, 2014) ........................................ 12, 13

*German by German v. Federal Home Loan Mortg. Corp.*,
896 F. Supp. 1385 (S.D.N.Y. 1995) .............................................................................. 2

*Glatt v. Fox Searchlight Pictures Inc.*,
No. 11 Civ. 6784 WHP, 2013 WL 5405696 (S.D.N.Y. Sept. 17, 2013) ...................................... 14

*Gottlieb v. Kenneth D. Laub & Co.*,
82 N.Y.2d 457 (1993) .................................................................................................... 6

*Habitat Educ. Ctr. v. U.S. Forest Serv.*,
607 F.3d 453 (7th Cir. 2010) ....................................................................................... 12, 13

*Hilton v. Braunskill*,
481 U.S. 770 (1987).................................................................................................. 14

*In re Flor*,
79 F. 3d 281 (2d Cir. 1996)......................................................................................... 2

*In re World Trade Ctr. Disaster Site Litig.*,
503 F.3d 167 (2d Cir. 2007)....................................................................................... 14

*Isra Fruit Ltd. v. Agrexco Agr. Export Co. Ltd.*,
804 F. 2d 24 (2d Cir. 1986)......................................................................................... 2

*Itmaiza v. Petco Animal Supplies Stores, Inc.*,
No. 21 Civ. 711, ECF No. 1 (SCB)(AAS) (M.D. Florida Mar. 24, 2021) ................... 8

*Kawa Orthodontics, LLP v. Secretary, U.S. Dep't of the Treasury*,
773 F.3d 243 (11th Cir. 2014) ................................................................................... 13

*Kruty v. Max Finkelstein, Inc.*,
2021 N.Y. Slip Op. 50837(U) (N.Y. N.Y. Sup. Ct. App. Term Aug. 26, 2021) ........... 4

*Lopez-Serrano v. Rockmore*,
132 F. Supp. 3d 390 (E.D.N.Y. 2015) ......................................................................... 5

*Patcher v. Bernard Hodes Grp., Inc.*,
10 N.Y. 3d 609 (2008) ................................................................................................ 7

*People v. Vetri*,
309 N.Y. 401 (1955) ................................................................................................... 11

*Phillips v. Max Finkelstein, Inc.*,
Index No. 2020/542SC, 2021 WL 4075089 (N.Y. Sup. Ct. App. Term Aug. 26, 2021) ........... 4, 7

*Picard v. Saren-Lawerence*,
No. 17 Civ. 5157 (GBD), 2018 WL 4659476 (S.D.N.Y. Sep. 11, 2018) ..................... 2

*Porsch v. LLR, Inc.*,
380 F. Supp. 3d 418 (S.D.N.Y. 2019).................................................................... 12, 13

iv

*Quintanilla v. Kabco Pharmaceuticals,*
No. 19 Civ. 6752 (PKC)(CLP), Doc. No. 18 (E.D.N.Y. Apr. 17, 2020) ................................... 4, 7

*Rana v. Islam,*
887 F.3d 118 (2d Cir. 2018) ........................................................................... 8, 9, 10

*Rodrigue v. Lowe's Home Centers, LLC,*
No. 20 Civ. 1127 (RPK) (RLM), 2021 WL 3848268 (E.D.N.Y. Aug. 27, 2021) ........... 3, 4, 8, 10

*Rogers v. City of Troy,*
148 F. 3d 52 (2d Cir. 1998) ................................................................................... 12

*Sampson v. Murray,*
415 U.S. 61 (1974) ............................................................................................... 14

*Scott v. Whole Foods Market Group, Inc.,*
No. 18 Civ. 86, 2020 (SJF) (AKT), WL 9814095 (E.D.N.Y. Feb. 5, 2020) ............................ 4, 6

*Scott v. Whole Foods Markey Group, Inc.,*
No. 18 Civ. 86 (SJF) (AKT), 2019 WL 1559424 (E.D.N.Y. Apr. 9, 2019) ................................. 6

*Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance, Co.,*
559 U.S. 393 (2010) .................................................................................................. 8

*Sorto v. Diversified Maint. Syst., LLC,*
No. 20 Civ. 1302 (JS)(SIL), 2020 WL 7693108 (E.D.N.Y. Dec. 28, 2020) ................................ 4

*Spokeo, Inc. v. Robins,*
136 S. Ct. 1540 (2016) ........................................................................................... 12

*Strubel v. Comenity Bank,*
842 F.3d 181 (2d Cir. 2016) .................................................................................... 11

*Taylor v. Federal Aviation Administration,*
351 F. Supp. 3d 97 (D.D.C. 2018) ............................................................................ 13

*Urtubia v. B.A. Victory Corp.,*
857 F. Supp. 2d 476 (S.D.N.Y. 2012) ......................................................................... 5

*V.S. v. Muhammad*,
595 F. 3d 426 (2d Cir. 2010).............................................................................................. 3

*Vega v. CM & Assoc. Const. Mgt., LLC*,
175 A.D. 3d 1144 (1st Dept. 2019)............................................................................. passim

*Wang Kwong Ho v. Target Construction of NY Corp.*,
No. 08 Civ. 4750 (KAM)(RER), 2011 WL 1131510, at *14 (E.D.N.Y. Mar. 28, 2011).............. 5

*West v. Am. Tel. & Tel. Co.*,
311 U.S. 223 (1940)..................................................................................................... 1, 3, 7

S<small>TATUTES</small>

28 U.S.C. § 192(b)............................................................................................................ 2

NYLL § 191 ................................................................................................................ passim

NYLL § 198 ............................................................................................................... 8, 9, 10

O<small>THER</small> A<small>UTHORITIES</small>

Nishant Choksi, Helping Low-Income Workers Stay Out of Debt,
Havard Business Review (2020)........................................................................................ 11

## PRELIMINARY STATEMENT

Unsatisfied with the Court's September 27, 2021 Order denying Defendants' Motion to Dismiss (the "Order"), Defendants ask the Court to certify an interlocutory appeal to the Second Circuit. *See* ECF No. 22. However, Defendants offer very little to support a finding that there is any substantial ground for difference of opinion regarding New York Labor Law ("NYLL") § 191. The Court's order was in lockstep with *Vega v. CM & Assoc. Const. Mgt., LLC*, w which has been followed by every district court that has weighed this question since its decision. Defendants' request ignores clear precedent from the Second Circuit and the Supreme Court that "rulings from [state intermediate appellate courts] are a basis for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *See DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005)) (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)).

In essence, Defendants are attempting to bypass this precedent to relitigate *Vega* at the Second Circuit. However, Defendants have not established why the Court should afford them this extraordinary relief. Instead of pointing to any persuasive reasoning why the Court of Appeals would find differently than *Vega*, Defendants simply restate their previous arguments, cite to authorities that do not conflict with the Court's Order, or make conclusory statements devoid of any reference to authority. Moreover, Defendants ignore key tenets of the Order rather than grappling with the Court's well-reasoned conclusions. A full review of the Order and controlling precedent reveal that the overwhelming weight of authority stands in stark contrast to Defendants' unsupported position.

As clearly set-out below, Defendants' arguments fail and Plaintiff respectfully requests that the Court deny Defendants' motion in its entirety.

**LEGAL STANDARD**

Under 28 U.S.C. § 192(b), the Court may "certify an interlocutory appeal if the relevant order: 'involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation'"). *See Picard v. Saren-Lawerence,* No. 17 Civ. 5157 (GBD), 2018 WL 4659476, at *3 (S.D.N.Y. Sep. 11, 2018) (quoting *Adar Bays, LLC v. Aim Exploration, Inc.*, 310 F. Supp. 3d 454, 456 (S.D.N.Y. 2018)).

The Second Circuit has held that certification of an interlocutory appeal is "strictly limited" and only justified by "exceptional circumstances. *See In re Flor*, 79 F. 3d 281, 284 (2d Cir. 1996). Moreover, the Second Circuit has advised that a district court should not simply state "bare finding that the statutory requirements of section 1292(b) have been met" but instead state why the district court "believes that there is a "substantial ground for difference of opinion" *See Isra Fruit Ltd. v. Agrexco Agr. Export Co. Ltd.*, 804 F. 2d 24, 25 (2d Cir. 1986) In this regard, certification for interlocutory appeal "is not intended as a vehicle to provide early review of difficult rulings in hard cases." *See German by German v. Federal Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995).

**ARGUMENT**

## I. THERE IS NO "SUBSTANTIAL DIFFERENCE OF OPINION" REGARDING WHETER A PRIVATE RIGHT OF ACTION EXISTS UNDER NYLL § 191

Defendants' state that "New York's state and federal courts have reached substantially differing opinions on whether private rights of action can be implied at all under [NYLL § 198]" with regard to NYLL § 191. *See* ECF No. 22-1, pg. 10-11. However, a closer examination reveals that this is mere wishful thinking on Defendants' behalf. Plaintiff does concede that prior to the *Vega* decision, some courts had found that NYLL § 191 does not carry a private right of action.

2

However, the *Vega* decision is controlling here, as it is the **only** New York Appellate Court ruling on this issue. *See Scott v. Whole Foods Market Group, Inc.*, No. 18 Civ. 86 (SJF)(AKT), ECF Doc. No. 58, (E.D.N.Y. Feb. 5, 2020) (describing *Vega* as the "lone decision from an intermediate court [that] is factually analogous"). Defendants do not attempt to address why this Court should ignore clear precedent with regards to this matter. *See DiBella*, 403 F.3d at 112.

Moreover, Defendants' claim that it was "uniformly held that no private right of action existed" before the *Vega* decision is demonstrably false. *See* ECF No. 22-1, pg. 7. Moreover, the New York Court of Appeals has addressed NYLL § 191 on multiple occasion, and has at least inferred that a private right of action exists.

### A. The First Department's Ruling in *Vega* Removes All Uncertainty From This Matter

As this Court has twice articulated, "the Appellate Division's First Department [h]as held that New York Labor Law permits employees to seek liquidated damages for the untimely payment of wages, even if wages are no longer past due." *See* ECF No.20, pg. 4; *Rodrigue v. Lowe's Home Centers, LLC*, No. 20 Civ. 1127 (RPK) (RLM), 2021 WL 3848268, at *5 (E.D.N.Y. Aug. 27, 2021) (Kovner, J.). It is well settled that a district court is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is "persuasive evidence that the state's highest court would reach a different conclusion." *See DiBella*, 403 F.3d at 112. This is crystal clear precedent from the controlling Courts of this District. *See id.; see also West*, 311 U.S. at 237 ("[w]here an intermediate appellate state court rests its considered judgment upon the rule of law which it announces… it is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise"); *V.S. v. Muhammad*, 595 F. 3d 426, 432 (2d Cir. 2010) ("this Court is bound to apply the law as interpreted by a by a state's intermediate appellate courts").

It is undisputed that *Vega* is the **only** New York Appellate Court to weigh in on this issue. Moreover, further New York case law from the Supreme Court's Appellate Term has confirmed the *Vega* decision. *See Phillips v. Max Finkelstein, Inc*., Index No. 2020/542SC, 2021 WL 4075089, at *1 (N.Y. Sup. Ct. App. Term Aug. 26, 2021) ("unlike Vega, which, like the case at bar, arose from a plenary action for damages, in *IKEA*, the Second Department merely confirmed the determination of the Commissioner of Labor that an employer's payment frequency constituted a violation NYLL § 191 (1)(a)"); *Kruty v. Max Finkelstein, Inc.*, 2021 N.Y. Slip Op. 50837(U) (N.Y. N.Y. Sup. Ct. App. Term Aug. 26, 2021) (together with *Phillips v. Max Finkelstein, Inc.*, "*Max Finkelstein*").[1]

Previous decisions by district courts do not run counter to this standard. At no point has the Second Circuit nor the Supreme Court instructed district courts to examine other district court opinions to determine state law claims where a state appellate court has ruled on the issue. This is why every district court post-*Vega* has found that a private right of action exists. *See e.g. Rodrigue*, 2021 WL 3848268, at *5; *Sorto v. Diversified Maint. Syst., LLC,* No. 20 Civ. 1302 (JS)(SIL), 2020 WL 7693108, at *2 (E.D.N.Y. Dec. 28, 2020); *Quintanilla v. Kabco Pharmaceuticals,* No. 19 Civ. 6752 (PKC)(CLP), Doc. No. 18 (E.D.N.Y. Apr. 17, 2020)*; Scott v. Whole Foods Market Group, Inc.,* No. 18 Civ. 86, 2020 (SJF) (AKT), WL 9814095 (E.D.N.Y. Feb. 5, 2020); *Beh v. Cmty. Care Companions Inc.,* No. 19 Civ. 1417 (JLS) (HBS), 2021 WL 3914297, at *3 (W.D.N.Y. Feb. 1, 2021)*, report and recommendation adopted,* No. 19 Civ. 1417 (JLS) (HBS), 2021 WL 3914320 (W.D.N.Y. June 23, 2021).

---

[1] Upon information and belief, the *Max Finkelstein* decisions are being appealed to the Second Department.

The uniformity of decisions post-*Vega*, confirm that this is now a well settled issue. As Defendants do not have any persuasive arguments that the Court of Appeals would find differently than the First Department, they cannot claim otherwise.

**B. Pre-*Vega* Courts Have Found or Implied a Private Right of Action According to NYLL § 191**

While Plaintiff does not believe that any pre-*Vega* decision by a district court is material to whether there is substantial grounds for differences of opinion, Defendants' statements regarding uniformity pre-*Vega* are misleading. Defendants' motion implicates that they believed they could violate NYLL § 191 with impunity based off their selected readings of decisions. *See* ECF No. 22-1, pg. 13 ("Petco is potentially liable for liquidated damages dating back to August 2014, even though federal and state case law at that time [held that no private right of action exists]). With respect, if Defendants truly believed this, then they had simply not done their due diligence.[2]  The Court should not credit their negligence in this regard.

      i.  District Courts Have Found Support for a Private Right of Action Before *Vega*

Plaintiff has previously refuted Defendants' attempt to state that *Vega* was a complete "sea change" in the handling of NYLL § 191 claims:

> "before *Vega*, multiple courts in this circuit have found that a private right of action exists under NYLL § 191(1)(a). *See e.g. Scott* 2019 WL 1559424, at \*3-4  (denying defendant's motion to dismiss § 191 claims); *Lopez-Serrano v. Rockmore*, 132 F. Supp. 3d 390, 404 (E.D.N.Y. 2015) (denying defendant's motion to dismiss NYLL § 191 claims); *Gonzales*, 2014 WL 1011070 at \*9; *Wang Kwong Ho v. Target Construction of NY Corp.*, No. 08 Civ. 4750 (KAM)(RER), 2011 WL 1131510, at \*14 (E.D.N.Y. Mar. 28, 2011) (awarding damages under NYLL § 191); *Cuzco*, 2010 WL 2143662, at \*4 (granting plaintiffs' motion for summary judgment on their NYLL § 191 claims)"

*See* ECF No. 18, pg. 11; *see also Urtubia v. B.A. Victory Corp.*, 857 F. Supp. 2d 476, at 481-482 (S.D.N.Y. 2012) (denying motion to dismiss NYLL § 191 claims). The *Scott* decision is especially

---

[2] Defendants also could have sought an exemption letter allowing biweekly wage payments from the Department of Labor according to NYYLL § 191(1)(a)(ii).

explicit in this regard, and it's holding is parallel to *Vega*. *See Scott v. Whole Foods Markey Group, Inc.*, No. 18 Civ. 86 (SJF) (AKT), 2019 WL 1559424, at *2-3 (E.D.N.Y. Apr. 9, 2019) (determining that a violation of NYLL § 191 triggers the protections of NYLL § 198); *Vega*, 175 A.D. 3d at 1144 (finding that the "plain language" of NYLL § 198 provided redress for violations of NYLL § 191).

　　　　ii.　New York Appellate Courts Have Implied a Private Right of Action Under
　　　　　　NYLL § 191

　　　　Prior to the *Vega* decision, multiple New York Appellate Courts grappled with matters arising from alleged violations of NYLL § 191. In *Bynog v. Cipriani Group, Inc.*, the First Department explicitly reinstated a NYLL § 191 claim on behalf of plaintiffs whom the trial Court had found to be independent contractor. *See* 298 A.D. 2d 164 (1st Dept. 2002). While the Court of Appeals reversed the order after review of the record, it never once suggested that there was no right to bring NYLL § 191 claims. *See* 1 N.Y. 3d 193 (2003); *see also Scott*, 2019 WL 1559424 at *2 ("neither the Second Department nor the Court of Appeals suggested, let alone held, that the plaintiffs did not have a right to bring a claim under [NYLL § 191]). The Second Department also reinstated NYLL § 191 claims before the *Vega* decision. *See Cohen v. Finz & Finz, P.C.*, 131 A.D. 3d 666 (2nd Dept. 2015) (reversing decision to dismiss NYLL § 191 claims against individual defendants). If the Court of Appeals and the Second Department believed that there was no private right of action for a plaintiff to recover damages under NYLL § 191, it is almost certain they would not have gone through the trouble of determining whether such claims were properly plead or supported by the record.

　　　　Moreover, in *Gottlieb v. Kenneth D. Laub & Co.*, the Court of Appeals plainly stated that NYLL § 191 "generally regulates payment of wages by employers and creates reciprocal rights of employees." *See* 82 N.Y.2d 457, 461 (1993). The Court later commented in *Patcher v. Bernard*

*Hodes Grp., Inc.* that employees that "do not fall under [NYLL § 191}…are not entitled to statutory attorney's fees under section 198(1–a)…because the plaintiff in *Gottlieb* had not alleged that he was protected by [NYLL § 191] he was presumptively "excluded from wage enforcement protection" under Article 6. *See* 10 N.Y. 3d 609, 616 (2008). The tying together of these statues by the Court of Appeals could not be clearer. *See Vega*, 175 A.D. 3d at 1144 (citing *Patcher* and *Gottlieb* to determine that the remedy for a violation of NYLL § 191 is found in NYLL § 198).

Viewed through this lens it is clear that *Vega* is not the "sea change" Defendants claim it to be, but an explicit confirmation of years of instructive language from the Court of Appeals. *See id*. Defendants' motion is devoid of any appellate case law that even hints to a contrary position. This does not pass the strict standard articled by the Supreme Court and the Second Circuit. *See DiBella*, 403 F.3d at 112; citing *West*, 311 U.S. at 237.

iii.   Defendants Continued Citations to Pre-*Vega* Cases are Inapposite

Defendants cite the same cases this Court previously dismissed as a mere attempt to "relitigate *Vega*'s conclusion." *See* ECF No. 20, pg. 5. While Plaintiff's arguments and the Court's conclusion do not bear repeating, it is important to note that Defendants have again cited the *Coley* decision, which Judge Chen specifically revisited in *Quintalla* due to the *Vega* decision. *See* No. 19 Civ. 6752 (PKC)(CLP), Doc. No. 18 (E.D.N.Y. Apr. 17, 2020). The only real change to Defendants' case law from their previous motion is that the *Max Finkelstein* decisions were overturned, and now support Plaintiff's position. *See Phillips v. Max Finkelstein, Inc*., 2021 WL 4075089, at *1. Again, none of the cases cited by Defendants constitute persuasive evidence that the Court of Appeals would find different than *Vega*.

iv.   Damages under NYLL § 198 are Compensatory

Defendants imply that Plaintiffs' filing of this lawsuit under the Class Action Fairness Doctrine ("CAFA") is an "end-run" around the New York Courts. *See* ECF No. 22-1, pg. 12. From the outset, Defendants' position is irrelevant to their instant motion and ignores that they have removed class actions in the past under CAFA. presumably for their own advantage. *See e.g. Itmaiza v. Petco Animal Supplies Stores, Inc.*, No. 21 Civ. 711, ECF No. 1 (SCB)(AAS) (M.D. Florida Mar. 24, 2021). Moreover, the argument that this Court should even consider New York's procedural laws regarding class actions directly conflicts with Supreme Court precedent. *See Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance, Co.*, 559 U.S. 393 (2010). In *Shady Grove*, the Supreme Court specifically explained:

> "[t]he short of the matter is that a Federal Rule governing procedure is valid whether or not it alters the outcome of the case in a way that induces forum shopping. To hold otherwise would be to disembowel either the Constitution's grant of power over federal procedure or Congress's exercise of it"

*See id.* at 416 (quotations omitted).

Moreover, Defendants are incorrect that a plaintiff could not bring a class action under NYLL § 191 in state court. Defendants state that NYLL § 198 is punitive, but it is well settled that this is incorrect. *See* ECF No. 20, pg. 8 (citing *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018). This Court has explicitly recognized this. *See id.*; *see also Rodrigue*, 2021 WL 3838268, at *5 (Aug. 7, 2021); (quoting *Rana* 887 F.3d at 123) (finding that there are "no meaningful differences" between NYLL § 198 and 29 U.S.C § 216). Defendants do not even address this finding by the Court.

Defendants may protest that they have contrary state caselaw, however none of these decisions are at the state appellate level following the amendment to the New York Labor Law in 2010. *See* ECF No. 22-1, pg. 12, n. 4. Plaintiff does not see how any of the trial court cases cited

8

by Defendant can contravene the direct ruling of the Second Circuit in *Rana*. *See* 887 F. 3d at 123

(citations and quotations omitted) (finding that NYLL § 198 is "designed "to deter wage-and-hour

violations in a manner calculated to **compensate** the party harmed") (emphasis added).

> v. Defendants' Statement Regarding State Court Appellate Likelihood of
> Success Is Irrelevant and Incorrect

Defendants' gripe that the "likelihood of obtaining clarification on this issue directly from

New York's Court of Appeals and other immediate appellate courts [outside of question

certification] is remote." Defendants do not cite any authority as to why this is a relevant point,

and even so this is patently incorrect. As pointed out above, the Court of Appeals has weighed

questions regarding NYLL § 191. Moreover, *Vega* itself was the result of an appeal, as were the

recent *Max Finkelstein* decisions. In addition, a NYLL § 191 case does not have to be a class action

to be appealed. For example, the *Max Finkelstein* decisions are devoid of class action discussion.

Frankly, Defendants' position does not match up with reality.

## II. THERE IS NO SUBSTANTIAL DIFFERENCE OF OPINION REGARDING PLAINTIFF'S STANDING

Defendants move next to attack Plaintiff's standing, but their arguments here are even more

dubious than their attempt to relitigate the ability of a private right of action according to NYLL §

191. From the outset, Defendants completely ignore the Court's observation that "Defendants

point to no authority for the proposition that state causes of action should be construed narrowly

to ensure that federal courts can adjudicate them." *See* ECF No. 20, pg. 8. Defendants' failure to

even address this in their brief is fatal alone. Clearly there can be no difference of opinion where

Defendants fail to supply *any* contrary authority to the Courts' opinion.

Moreover, Defendants completely disregard that they have underpaid Plaintiff. Further,

Defendants skip past the intention of NYLL § 191 and the harm a violation causes. Finally,

Defendants do not grapple with the NYLL's similarity to the FLSA, and the traditional findings of standing in late payment of wages. *See Beh*, 2021 WL 3914297, *2-5 (denying defendants' motion to dismiss NYLL § 191 claims and FLSA prompt payment claims).

### A. Underpayment Clearly Establishes Standing

Again, Defendants ignore a key element of the Court's order. The Court's Order followed Vega's holding to find that Defendants' violations of NYLL § 191 caused plaintiff to be **underpaid**. *See* ECF No. 20, pgs 4-5. Surely, Defendants are not arguing that New York Labor Law § 198 which compensates a plaintiff for underpayment, is unconstitutional. Nor could Defendants argue this, as the right for Plaintiff to recover compensatory liquidated damages under NYLL § 198 is well settled. *See e.g. Rana*. 887 F. 3d at 123.

Defendants claim they paid Plaintiff *eventually*, however the logical conclusion of this would render all claims under NYLL § 198 and the liquidated damages provisions of the FLSA moot. There is not a functional difference between liquidated damages under NYLL §198 for a frequency of pay violation versus overtime violations, as both constitute underpayments. *See* NYLL § 198. There are also "no meaningful differences" between the liquidated damages provisions NYLL § 198 and the FLSA liquidated damages provisions. *See Rodrigue*, 2021 WL 3838268, at *5; (citing *Rana* 887 F.3d at 123). A Plaintiff who recovered owed wages in a suit for overtime damages would also have *eventually* been paid their owed wages, and according to Defendants' theory would not have standing to pursue their compensatory liquidated damages. Obviously, there is no authority that supports this proposition. Accordingly, it is more than clear, that being underpaid constitutes a "concrete" injury.

**B.  A Delay in Payment Creates Standing**

Even assuming *arguendo*, that the failure to pay a Plaintiff their wages on time does not constitute an underpayment that would confer standing, the failure to pay wages on time by itself causes concrete harm.

i.   Delay in Payment Causes Acute Harm

As the Court has stated "the late payment of wages is a concrete harm" that is "especially acute" for workers such as Plaintiff and the putative class. *See* ECF No. 20, pg. 8 (citation omitted). In enacting New York Labor Law 191, the legislature identified manual workers as those "dependent on their wages for sustenance." *See People v. Vetri*, 309 N.Y. 401, 405 (1955). On a basic level, this means that manual workers need access to their wages to pay for the necessities of life: food, medical care, rent, and childcare. *See e.g.*, Nishant Choksi, Helping Low-Income Workers Stay Out of Debt, Havard Business Review (2020) ("Stagnant wages, a rising cost of living, and increasingly irregular schedules routinely force many working Americans onto a financial knife's edge; they're able to pay their usual bills but lack a buffer to handle even small financial shocks. Part of the problem is that most U.S. workers are paid biweekly").

As the legislature has identified this issue, Plaintiff does not need to plead further injury. As Plaintiff previously pointed out

> "the [Supreme] Court explicitly stated in the *Spokeo* decision that 'the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. In other words, a plaintiff in such a case need not allege any additional harm beyond the one [the legislature] has identified.'" *Hicks*, 2018 WL 2440732, at \*5; *see also Strubel v. Comenity Bank*, 842 F.3d 181, 189 (2d Cir. 2016) ("[w]e do not understand *Spokeo* categorically to have precluded violations of statutorily mandated procedures from qualifying as concrete injuries supporting standing…some violations of statutorily mandated procedures may entail the concrete injury necessary for standing") (citing *Spokeo*, 136 S. Ct. at 1550); *Imbarrato v. Banta Mgmt. Servs., Inc.*, No. 18-CV-5422 (NSR), 2020 WL 1330744, at \*7 (S.D.N.Y. Mar. 20, 2020) (denying defendants' *Spokeo* argument to dismiss NYLL claims where the legislature had "conferred the procedural right in order to protect an individual's concrete interests")"

11

*See* ECF No 18, pgs. 23-24. Accordingly, the existence of concrete harm identified by the legislature plead by Plaintiff alone establishes standing.

              ii.   Untimely Payments are Traditionally Found to Establish Standing

The Supreme Court has further instructed that a concrete injury "is not, however, necessarily synonymous with tangible… it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit." *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). In this regard Defendants cannot escape that the Courts have routinely found delay in payment to be actionable in FLSA cases. *See e.g. Andrews v. Rite Aid Corp.*, No. 20 Civ. 4521 (VSB) (S.D.N.Y. Mar. 11, 2021) (oral argument transcript attached as **Ex. A**) (citing *Rogers v. City of Troy,* 148 F. 3d 52, 57 (2d Cir. 1998) (finding a delay in payment amounting to $2.96 satisfied Article III standing). Plainly, the delay of wage payment is a traditional harm. Again, there are no meaningful differences between the FLSA and NYLL, so there is no reason that delay would not similarly establish standing under both statues. *See Beh*, 2021 WL 3914297, *2-5.

              iii.   Defendants' Cited Cases Are Not Applicable

Defendants point to *Epstein v. JP Morgan Chase*, as a split from the Court's order, but their framing of *Epstein* is extreme:

> "another judge in the Southern District has concluded that 'such a claim would at most demonstrate that [a p]laintiff was inconvenienced,' and would 'be far too slender a reed on which to premise Article III standing' given that such an alleged injury 'would rest on pure speculation.'"

*See* ECF No. 22-1, pg. 16 (quoting No. 13 Civ. 4744, 2014 WL 1133567, at *7, n.6 (S.D.N.Y. Mar. 21, 2014). Defendants' certainly paint a picture of *Epstein* directly contravening *Porsch v. LLR, Inc.*, and *Habitat Educ. Ctr. v. U.S. Forest Serv. See* 380 F. Supp. 3d 418 (S.D.N.Y. 2019) 607 F.3d 453, 457 (7th Cir. 2010). However, this is far from the actual holding of *Epstein*, as

Defendants' selected language is mere dicta found in a footnote about a theoretical argument Plaintiff *could* have made. *See Epstein*, 2014 WL 1133567, at *7, n.6 ("[t]heoretically, [p]laintiff could seek to premise standing on a damages theory that he was deprived of the opportunity to use and/or earn interest on the $0.67 for the seven-week period that it was ostensibly "converted" by Defendants. Plaintiff does not make this claim in his papers and the Court will not make arguments for him").

Defendants also cite *Kawa Orthodontics, LLP v. Secretary, U.S. Dep't of the Treasury*, but *Kawa* does not discuss the economic principle of the lost value of money in any regard. *See* 773 F.3d 243, 246 (11th Cir. 2014). Instead, *Kawa* focused on a plaintiff who's alleged injury stemmed from delay of the Affordable Care Act employer mandate, because the plaintiff claimed he expended time and value researching his obligations before the delay. *See id.* The Eleventh Circuit specifically noted that the Plaintiff's time and research was still valuable, because the requirements of the mandate did not change on finding that no harm occurred. *See id.* Similarly, *Taylor v. Federal Aviation Administration* did not "venture down [the] rabbit hole" of whether time value of money constituted injury, because the *plaintiff* did not plead it. *See* 351 F. Supp. 3d 97, 103 (D.D.C. 2018). Neither of these decisions contravene the clear holdings of *Porsch* and *Habitat Educ. Ctr. See* 380 F. Supp. 3d at 424; 607 F.3d at 457.

### III. DEFENDANTS SHOULD NOT BE GRANTED A STAY IN THIS MATTER

The decision as to whether to stay proceedings pending an interlocutory appeal or an appeal depends on four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding;

and (4) where the public interest lies." *See In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

Defendants request for a stay falls apart on point one. As set out *supra*, all of Defendants' arguments fly in the face of established precedent. Defendants have simply repeated arguments this Court has previously found unpersuasive or cited clearly distinguishable case law.

Moreover, Defendants will not be irreparably injured absent a stay, as it is well established that "litigation costs do not rise to the level of irreparable injury". *See Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784 WHP, 2013 WL 5405696, at *4 (S.D.N.Y. Sept. 17, 2013); *see also Sampson v. Murray*, 415 U.S. 61, 90 (1974). Frankly, it is Plaintiff and the putative class that will suffer harm if a stay is issued, as a stay would only cause further delay for these employees to receive compensatory damages for the underpayments caused by Defendants' unlawful pay policies.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion should uld be denied in its entirety.

Dated:  New York, New York
         November 29, 2021

                                       Respectfully submitted,

                                       /s/ Brian S. Schaffer
                                       Brian S. Schaffer

                                       **FITAPELLI & SCHAFFER, LLP**
                                       Brian S. Schaffer
                                       Hunter G Benharris
                                       28 Liberty Street
                                       New York, New York 10005
                                       Telephone: (212) 300-0375

                                       ***Attorneys for the Plaintiff and***
                                       ***putative class***